WILL SUGGS v. THE STATE.

No. 1516.   Decided January 24, 1912.

**1.—Theft—Ownership—Possession—Statutes Construed.**

Where, upon trial of theft, the court instructed the jury that where one person owns the property and another has the possession, charge and control of same, the ownership may be alleged in either, there was no error. 1483 White's Ann. Penal Code.

**2.—Same—Charge of Court—Circumstantial Evidence.**

Where, upon trial of theft, the evidence was circumstantial, the court correctly charged thereon, and there was no error.

**3.—Same—Charge of Court—Recent Possession—Explanation.**

Where, upon trial of theft, the court correctly charged on recent possession and explanation of the alleged stolen property, there was no error.

**4.—Same—Sufficiency of the Evidence.**

Where, upon trial of theft, the evidence sustained a conviction, there was no error.

Appeal from the County Court of Taylor. Tried below before the Hon. T. A. Bledsoe.

Appeal from a conviction of theft; penalty, a fine of $100 and thirty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was charged with the theft of five dollars in money; was convicted and his punishment assessed at a fine of one hundred dollars, and thirty days imprisonment in the county jail.

The first two grounds in the motion for a new trial relate to the same matter. John Thompson was alleged to be the owner of the money alleged to be stolen. Thompson was agent of the Abilene & Southern Railway Co. at Bradshaw. The money was in fact the property of the railway company, but was in the exclusive control and custody of Thompson as agent of the railway company. The court correctly instructed the jury that where one person owns the property and another has the possession, charge and control of same the ownership may be alleged in either. Bailey v. State, 18 Texas Crim. App., 426, and cases collated under subdivision 4 of section 1483 White's Ann. Penal Code.

The court charged the jury on circumstantial evidence, and appellant complains of this charge. Not that there is any error in the charge, but that it was not a case of circumstantial evidence. The evidence would show that Thompson had the money in a drawer in the ticket office; that the office was locked and appellant asked for the key, claiming he wanted to get some clothing out of his grip in the office. Thompson gave him his bunch of keys, containing both the key to the office and to the drawer in which the money was contained. Appellant left on the next train after going in the office. When Thompson went in the office and unlocked the drawer he missed the money, a ragged five dollar bill; he wired the conductor on the train on which appellant was riding; the conductor secured a ragged five dollar bill from appellant on the train. Thompson does not swear positively this is the bill, but picks it out as the bill when mixed up with six other five dollar bills, saying: "I can not swear positively that this is the bill that was taken from my possession at Bradshaw on June 11, 1911, but it looks like it, fits the description of the bill that was taken and is the only one among the lot of bills that I have examined that does fit the description. The others are torn in the center but in a different way from the bill that was taken from my possession. I could not swear positively that this is the bill, but it looks more like it." It was proper for the court to charge on circumstantial evidence, and under the evidence here recited and the other evidence in the case, the evidence is sufficient to support the verdict.

The appellant complains of the following paragraph of the court's

charge: "You are charged that possession of recently stolen property may be proved by circumstantial evidence, under the rules governing circumstantial evidence as defined in the charge given you in this case governing circumstantial evidence," the objection being that this charge is upon the weight of the evidence. This paragraph is not subject to that criticism and the charge could not be hurtful when the court instructed the jury at the request of defendant: "You are charged that the State would be required to show by evidence that the defendant was in possession of the five dollar bill which was stolen from John Thompson on the date alleged in the complaint, and in the event you should find that the State has not shown this beyond a reasonable doubt, you will acquit defendant," and further: "In this case you are charged that if you believe from the evidence that the defendant's explanation of his possession of the bill in evidence is reasonable and probably true and comports with his innocence, you will acquit the defendant."

The other complaint relates to the insufficiency of the evidence. As before stated, the State's case presents a strong case of circumstantial evidence. If the State's witness, Thompson, is to be believed, no other person had an opportunity to abstract the bill from the drawer. Defendant alone borrowed the key; the money was in the drawer when he borrowed the key and went in the office; the money was missing when Thompson went back in the office; he was found in possession of a bill looking like the one stolen, and, taken as a whole, it presents a strong case. Of course, defendant denied the offense, but this was a question for the jury and they determined it against him.

Judgment affirmed.

*Affirmed.*