### IRA SMITH v. THE STATE.

#### No. 5398.   Decided May 28, 1919.

**1.—Burglary—Sufficiency of the Evidence—Recent Possession.**

Where, upon trial of burglary, the evidence showed the recent possession by defendant of the alleged stolen property without sufficient explanation, and the evidence was otherwise sufficient to sustain the conviction there was no reversible error.

**2.—Identification—Stolen Property—Circumstantial Evidence.**

Where, upon trial of burglary the evidence showed that the defendant, shortly after the burglary, was found in possession of an overcoat exactly similar to the one which was taken from the burglarized store and which was not seen until defendant was arrested; was also found in possession when arrested of certain tools and keys with which entrance in said house could be affected, etc., the identification of the stolen goods, etc., was sufficient and a conviction is sustained.

Appeal from the District Court of Donley. Tried below before the Hon. Henry S. Bishop.

Appeal from a conviction of burglary; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*A. T. Cole,* for appellant.—Cited Branch Criminal Law, page 1284; Love v. State, 58 Texas Crim. Rep., 270.

*E. A. Berry,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—In this case appellant was convicted of burglary in the District Court of Donley County and his punishment fixed by the jury at confinement in the penitentiary for a period of five years.

J. B. Masterson had a store in the little town of Hedley, Donley County, Texas and on the night of November 4, 1918 his store build-

ing was entered and an overcoat, certain quantities of silk, six pair of ladies' shoes and some ladies' suits were taken. There, is no contest in this case of the fact that said store was burglarized and said property taken. The store had a front and a rear door, each of which the proprietor said was locked on the night in question; the rear door being locked with a yale lock and the front door with an ordinary lock, the latter of which could be unfastened by several keys which were in evidence. The case was one of circumstantial evidence and there seems to be no complaint as to the manner in which the law on that question was presented to the jury. The only contention made here is that the evidence is not sufficient to support the verdict. The burglary was on the night of November 4th and on the afternoon preceding the proprietor was showing his stock of overcoats and sold one to a customer. The next morning, when the burglary was discovered, Masterson at once discovered that an overcoat which he had shown to said customer the afternoon before was gone, along with the other property mentioned. The overcoat was described by the owner as to make, size, and color and pattern and an overcoat was identified by him in the court room as being the one taken from his possession or one which was exactly identical with the same, his expressed opinion being that it was his overcoat. It was testified by the customer who bought an overcoat the afternoon before, that he saw in the owner's possession in said store an overcoat identical in all respects with one exhibited in the courtroom at the trial. A witness named Goldston testified that on the day of the alleged burglary, a man whom he identified as appellant, came into his store and bought from him a watch case. Said witness testified that after selling the appellant the watch case he walked with him down to a jewelry store to get the time and to the Bon-Ton where they got a drink and he states that appellant did not have on any overcoat at that time. On November 7th it was testified by Miss Grace Dawn, a chamber-maid at the Union Hotel in Amarillo, that she went up to a certain room to clean it up and that appellant was in the room and engaged her in conversation and asked her if she wanted to buy some shoes, some silk and a lady's suit and upon her expressing willingness to purchase if the articles suited, he told her that he would bring them to let her look at them that night, cautioning her not to say anything about his having them as he did not want it talked about. A few minutes after this conversation she notified officer Sullinger of what had been said to her and Sullinger hunted up the appellant and arrested him. At the time of his arrest appellant had on the overcoat which was identified by the witness Masterson and also had secreted in his cap three skeleton keys, a flat file, a small piece of steel and a knife. Two of the keys, upon trial, were found to unlock the front door of the Masterson store. Appellant did not take the stand or put any witness on except one and him only to show that a yale lock could not

be opened by any flat piece of metal unless made especially to fit the lock.

This much of the evidence is stated in order that it may be understood why we are unable to agree with appellant's view that the evidence does not support the verdict.

It has been frequently held in this State that the unexplained possession of property recently stolen, will support a conviction for theft thereof. See Branch's An. P. C., sec. 2463 and authorities cited. Also that the jury may infer theft of all of certain missing property from the fact of possession of part of the same. Rose v. State, 52 Texas Crim. Rep., 155; White v. State, 17 Texas Crim. Rep., 188; Gonzales v. State, 18 Texas Crim. Rep., 453; Jack v. State, 20 Texas Crim. Rep., 656. Also if the State show that a burglary has been committed, and that recently thereafter appellant was found in possession of all or part of the property taken from said burglarized premises and no explanation is made by him of such possession, same will support conviction of the burglary. Branch's An. P. C., sec. 2346 and authorities cited. Appellant's main objection to the sufficiency of the evidence in the instant case is because of what he claims to be lack of sufficient indentification of the overcoat found on appellant. The question of identification of stolen property is one for the jury. Polin v. State, 65 S. W. Rep., 183; Hooten v. State, 53 Texas Crim. Rep., 6; Lynne v. State, 53 Texas Crim. Rep., 375, 111 S. W. Rep., 729; Suggs v. State, 65 Texas Crim. Rep., 67, 143 S. W. Rep., 186. Not only was appellant found in possession of an overcoat exactly similar in every respect to the one which was taken from the burglarized store on the night of the burglary and which was not thereafter seen until appellant was arrested in a neighboring town on the third day thereafter, but he also had on no overcoat the afternoon before the burglary; and was also found when arrested to be in possession of tools and keys with which entrance into the burglarized store could be effected, and it may be noted that said articles were found carried by him in a very unusual place about his person; and it was also shown that he had been trying to secretly dispose of other articles which in a general way corresponded with those taken at the same time the overcoat disappeared. No explanation or attempted explanation of any of these facts was offered and we cannot say that the jury did not have sufficient evidence before them upon which to predicate the verdict of guilty. This court will not reverse unless there is such manifest lack of evidence as to make it apparent that the verdict was the result of prejudice or that such verdict is against the great weight of the evidence.

There being no error apparent the judgment of the trial court will be affirmed.

*Affirmed.*