### HERMAN SOWELL V. THE STATE.

No. 16475.   Delivered April 11, 1934.

The opinion states the case.

*Claude L. Milburn,* of Corsicana, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin. for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of burglary, and his punishment assessed at confinement in the State penitentiary for a term of two years.

The testimony adduced upon the trial is in substance as follows: On the 19th day of June, 1933, the home of Henry Hawthorne was entered during his absence and some lard, syrup, meal, shot gun shells, and various other articles taken therefrom. When he returned home that evening about 7:30, he discovered that his house had been burglarized. He reported the matter to the officers the next morning and they, the said officers, made an investigation of Hawthorne's premises. They found some tracks and followed same through the field leading to the home of the appellant and his brother. The officers then obtained a search warrant and searched appellant's home and that of his brother. They found at the appellant's home some of the articles taken from Hawthorne's house. The appellant did not testify but his wife testified that her husband had hunted quail on the morning of June 19th and in the afternoon she and her husband hoed cotton. She said that the syrup, meal and lard found at their home came from her brother-in-law; that they had done some work for him and he paid them in supplies instead of money. She futher said that she bought some lard from Mr. Terry but did not buy any from him on the Saturday before Monday, June 19th. She also testified that she bought a few groceries from Mr. Howell, but that was not during the week of June 19th, it probably was two or three weeks before. Mr. Howell testified for the appellant that Morey Sowell, the appellant's brother, rented land from the witness on the halves;

that Morey killed some hogs and also made some syrup but he did not know how much; that some time prior to the 19th of June he let Morey have a gallon bucket of lard.

The appellant's first contention is that the evidence is not sufficient to warrant his conviction. The testimony unquestionably shows that Hawthorne's house was burglarized at a time when he was absent; that there were tracks made by two parties which lead from Hawthorne's house to that of appellant and his brother; that some of the recently stolen property was found in the possession of the appellant, and that the appellant made no explanation of how he came into possession of the same. Under such state of facts, we believe that the jury was justified in finding the appellant guilty, and in support of our views we refer to the following authority: Oglesby v. State, 51 S. W. (2) 587.

The appellant next complains in his motion for new trial of the misconduct of the jury in discussing his failure to testify in his own behalf. The testimony of all the jurors is to the effect that some one casually mentioned the matter but that it was not discussed by them nor taken into consideration by them in determining the appellant's guilt. The court who heard the testimony of the jurors and saw them testify overruled the appellant's motion. We do not believe that the court committed any error in this respect. A similar question was before this court in the case of Freeman v. State, 39 S. W. (2d) 895; Bogan v. State, 180 S. W., 247; Cooper v. State, 162 S. W., 364, and Dyer v. State, 257 S. W., 902, and in each instance this court decided adversely to the appellant's contention.

Finding no reversible error in the record, the judgment of the trial court is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.