### IKE PRATHER V. THE STATE.

No. 17506. Delivered April 10, 1935.

The opinion states the case.

*Tom Sanders,* of Houston, *(King C. Haynie,* of Houston) of counsel, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of robbery by the use of violence, and his punishment was assessed at confinement in the State penitentiary for a term of 10 years.

The appellant earnestly insists that the evidence as developed upon the trial of this case is insufficient to warrant his conviction. The testimony adduced upon the trial is in substance as follows: On or about the 22nd day of October, A. D.

1933, Frank Phillips, while walking along McKinney Avenue on his way to his home some time between 12:30 and 1 A. M., was struck on the head and knocked unconscious, and there was taken from his person a watch, pipe, and a box of Prince Albert tobacco. The witness did not know who knocked him in the head. The watch, together with a black-jack, was on the 9th day of November, 1933, found in a room occupied at the time by the appellant and a woman by the name of Sibyl Norton. The blackjack is described as an instrument made of wood and covered with rubber, being about 12 inches long with a strap fastened to one end which is slipped over the hand around the wrist to prevent it from being jerked out of the person's hand while being used. The blackjack was of sufficient size and weight to knock a man unconscious when hit on the head. In the house in which the appellant and Sibyl Norton were found occupying a room were some other rooms which were occupied by the appellant's brother.

We believe that the appellant's contention should be sustained. Conceding that the watch found in the room occupied by the appellant and Sibyl Norton was the property of Frank Phillips, the watch was not found in the personal and exclusive possession of the appellant nor did he claim the same as his property. In order to warrant an inference of guilt from the circumstance of possession of recently stolen property, such possession must be personal and exclusive, must be unexplained, and must involve a distinct and conscious assertion of property by the defendant. Mr. Burrill on Circumstantial Evidence states the rule as follows: "A finding of stolen property in the prisoner's house or apartment is equally competent in evidence against him as a finding upon his person. But the house or room must be proved to be in his exclusive occupation. But if it were found lying in a house or room in which he lived jointly with others equally capable of having committed the theft, it is clear that no definite presumption of guilt could be made."

In the case of Robinson v. State, 22 Texas App., 690, this court, speaking through Judge White, said: "Two essential requisites are wanting in this case, to-wit: the 'exclusive possession' and 'a distinct and conscious assertion of property by the defendant.' " So, in the case at bar, two essential requisites seem to be wanting, that is, the exclusive possession and a distinct and conscious assertion of property by the defendant. In support of the views herein expressed we refer to the case of Russell v. State, 218 S. W., 1049, in which this court, speaking

through Judge Morrow, said: "There are no circumstances other than the evidence of possession which we have quoted, and the fact that there were pistols and flashlights found on the premises, which tend to connect the appellant with the burglary; there are no declarations, no disclaimer of guilt by Yell, who was shown by the state's evidence to have been an occupant of the house with opportunity equal to that of the appellant."

In the case of Frazier v. State, 227 S. W., 324, this court, speaking through Judge Lattimore, said: "Without discussing the question of the sufficiency of the identification of the alleged stolen property, it seems from the record that, at the house in whose yard the witness * * * said he found the dead hogs, there were four people, none of whom claimed to own the hogs or have same in their possession. Possession appears to be the only circumstance of guilt, and in order to justify such inference the possession must not only be shown to be recent and unexplained, but also personal and exclusive in the party or parties sought to be charged thereby. The discovery of the alleged stolen property in the presence of a group of people, one of whom is accused, unaccompanied by evidence of an acting together and thus of guilt as a principal or accomplice on the one hand, or of evidence which satisfactorily fixes possession in the person charged, will not support a conviction for theft as to anyone of the said persons."

We have reached the conclusion that under the holding of this court, as will appear from the authorities above cited, the testimony as developed upon the trial is insufficient to sustain the conviction.

Therefore, the judgment of the trial court is reversed and the cause is remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.