Appellant did not testify or offer any evidence in his own behalf.

We shall discuss the contentions presented by the various bills of exception.

The first bill of exception complains that the court erred in excusing certain jurors who had conscientious scruples against the infliction of the death penalty. We have carefully pursued the examination of each of them and find that all of them were subject to the challenge made.

Bill of exception No. 2 as qualified by the court reflects that after the court had received the verdict of the jury and had discharged them the attorney for appellant requested that the court hold the jury together "in connection with some motion he sought to urge after verdict." The nature of the motion is not shown, and we find no error reflected by the bill.

Bill of exception No. 3 relates to a motion to declare a mistrial based upon the contention that each juror was not sworn individually upon his selection. As qualified, the bill reflects that each juror was in fact sworn upon his selection.

Bill of exception No. 4 complains that in his argument the prosecutor said, "the type of man the evidence shows

this defendant to be," and this constituted a reference to appellant's failure to testify. The court certifies that no such objection was made at the time, and we have concluded that, if made, it would have been untenable.

Because of the extreme penalty, we have examined the record with great care, but find nothing further to discuss that would in any way add to the jurisprudence of this state or solve any issues in the case.

Finding the evidence sufficient to support the verdict and no reversible error appearing, the judgment is affirmed.

Emma Vasquez RODRIQUEZ, Appellant,

v.

STATE of Texas, Appellee.

No. 33539.

Court of Criminal Appeals of Texas.

June 7, 1961.

Rehearing Denied Oct. 25, 1961.

No attorney for appellant of record on appeal; Wm. Davenport, San Angelo, for appellant on rehearing.

Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The conviction is for the unlawful possession of marihuana; the punishment, 15 years.

The State's evidence shows that, on the night in question, certain officers, armed with a search warrant, went to a house in the City of Lamesa around 11:30 p. m. to search for narcotic drugs. When they arrived appellant was not present and they were admitted into the house by a woman who lived next door. At the time, the neighbor woman's two teenage daughters were sleeping in the front living room of the residence sought to be searched and, after they got up, dressed, and left, the officers proceeded to search the house. After prizing up a floor board in a back room, the officers found buried in some dirt, which appeared to have been recently disturbed, a quart fruit jar "a little over half full", containing a substance that appeared to be marihuana. Upon the trial, it was stipulated that the substance contained in the fruit jar was marihuana and, in addition thereto, Chemist Donald W. Hanna of the Texas Department of Public Safety testified that he had examined the substance and that it contained marihuana which weighed 92 grams.

It was further shown by the State's evidence that appellant lived in the house searched by the officers and where the marihuana was found. Sheriff Mayfield testified that he had known appellant for six years and knew that she lived in the house. He further testified that, at the time of the search, appellant's husband was not living at the house with her and that, to his knowledge, no one else was living there. Mrs. O. M. Sealy, upon being called as a witness by the State, testified that she was a neighbor of appellant and that she knew that appellant had lived in the house searched for over a year.

Appellant did not testify or offer any evidence in her behalf.

We find the evidence sufficient to sustain the conviction.

The record contains no formal bills of exception and there are no objections to the court's charge. No brief has been filed on behalf of appellant.

■ We have examined the informal bills of exception appearing in the statement of facts and find no reversible error therein. Appellant waived her objection to the evidence of the search of the house by not objecting to the admission of the marihuana in evidence when offered by the State. Killingsworth v. State, 165 Tex.Cr. R. 286, 306 S.W.2d 715. The court's action in permitting the State to re-open the case after closing and offer additional testimony was authorized by Article 643, Vernon's Ann.C.C.P., which provides: "The court shall allow testimony to be introduced at any time before the argument of a cause is concluded, if it appear that it is necessary to a due administration of justice." Under the record, no abuse of discretion is shown and we perceive no error. Bernadett v. State, 166 Tex.Cr.R. 621, 317 S.W.2d 747.

The judgment is affirmed.

Opinion approved by the Court.

On Motion for Rehearing.

BELCHER, Commissioner.

A re-examination of the record supports appellant's position that she reserved an objection to the testimony showing the search of her house and the introduction of the fruits thereof into evidence.

■ As stated in the original opinion, the officers had a search warrant at the time of the search. The affidavit and warrant with the return thereon showing its execution were introduced in evidence without objection and are in the record. An examination of said instruments and the evidence pertaining thereto shows them to be valid. Therefore, the search was legal, and the admission in evidence of the fruits of the search was not error.

The motion is overruled.

Opinion approved by the Court.