**Ramón ADAME, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 36190.**

Court of Criminal Appeals of Texas.

Nov. 20, 1963.

No attorney for appellant on appeal.

R. L. Lattimore, Dist. Atty., Oscar B. McInnis, Asst. Dist. Atty., Edinburg, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The conviction is for burglary; the punishment, twelve years, enhanced under Art. 62, Vernon's Ann.P.C., by virtue of a prior conviction for an offense of like character.

The state's evidence shows that W. B. Russell, the injured party, lived some four miles north of Weslaco in Hidalgo County. On December 22, 1962, Russell left home with his family around 11 o'clock, a. m., and went to Harlingen Christmas shopping. Upon returning home at 6 o'clock, p. m., they discovered certain items of property missing from the house, including a record player, some records, a fifth of Scotch whisky, and part of a canister set. An investigation revealed that entry into the house had been gained by removing a screen and raising a window. The next day a clothes hamper was also found to be missing from the house.

The state's proof further shows that on December 29, 1962, officers armed with a

search warrant went to a house owned and occupied by the appellant, a mile south of Donna, to search for stolen property. The house was referred to in the testimony as a four-room house "twenty by twenty." In their search the officers found in the house, among other items of stolen property, the record player, clothes hamper, and part of the canister set which had been stolen from the Russell home.

At the time of the search, the appellant, his brother, Clemente Adame, and his mother, Felipa Resendiz, who all lived in the house, were present. Four or five children were also present. While the officers were in the house looking for the stolen property, appellant stated to his mother, on more than one occasion: "Don't tell them *nothing*; let them look," and when asked about the stolen property found in the house he would not answer. During the search, appellant's mother on one occasion stated to the officers, in appellant's presence, that it was he who brought the stolen property to the house.

Proof was made of the prior conviction, as alleged.

Testifying as a witness in his own behalf, appellant admitted having been previously convicted of the offense of burglary but denied that he entered and burglarized the house in question.

Clemente Adame, the appellant's brother, called as a witness by him, testified that it was he who burglarized the Russell home and that appellant did not participate in the burglary. Clemente admitted that he had previously told the officers it was the appellant who committed the burglary but repudiated such statement upon the trial.

The record presents no formal bills of exception, and there are no objections to the court's charge.

■ We find the evidence sufficient to sustain the conviction.

■ The evidence shows a burglary of the house in question. Part of the property stolen in the burglary was found in the house owned and occupied by appellant. The facts warrant the conclusion that the stolen property was in appellant's possession. His possession of the property was unexplained. The proof of appellant's unexplained possession of the recently stolen property is sufficient to sustain his conviction for the burglary. Bernadett v. State, 166 Tex.Cr.R. 621, 317 S.W.2d 747; Alexander v. State, Tex.Cr.App., 340 S.W.2d 493.

■ In his motion for new trial, appellant complained of the court's action in refusing to order the sheriff to return appellant's mother from the penitentiary so that she might be a witness in his behalf. The record shows that she had been taken to the penitentiary two days prior to the trial upon a conviction for receiving and concealing stolen property. No application had been made by appellant, prior to the trial, for the issuance of a subpoena for his mother as a witness. Appellant's request, made during the trial, that she be ordered returned from the penitentiary would have delayed the proceedings. No diligence is shown on the part of appellant, prior to the trial, to secure the attendance of his mother as a witness. We perceive no error in the court's action.

■■ Appellant also alleged newly discovered evidence as a ground for new trial and attached the affidavits of two witnesses to his motion in support thereof. In the absence of a formal bill of exception, the court's action in refusing to grant a new trial for such reason is not properly before us for review. Calanchi v. State, Tex.Cr. App., 332 S.W.2d 722. We observe, however, that the testimony of the two affiants, if given at the trial, would only present evidence of an alibi, which could not constitute newly discovered evidence. Wall v. State, 167 Tex.Cr.R. 634, 322 S.W.2d 641.

The evidence being sufficient to support the conviction, and no reversible error appearing, the judgment is affirmed.

Opinion approved by the Court.