Leon **RILEY**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 38622.

Court of Criminal Appeals of Texas.

Feb. 9, 1966.

Rehearing Denied March 23, 1966.

Marvin Foster, Jr., Corpus Christi, for appellant.

Franklin L. Smith, County Atty., Corpus Christi, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The record having been perfected, the opinion dismissing the appeal is withdrawn and the appeal is reinstated.

The conviction is for negligent homicide in the second degree; the punishment, eighteen months in jail.

The complaint and information charged that while engaged in performance of an unlawful act and operating a motor vehicle on a public street in an urban district at a greater rate of speed than thirty miles per hour, the appellant did, as a result of said unlawful act, by negligence and carelessness cause the death of Nicanor Velasquez by causing his (appellant's) automobile to run into and collide with the said Velasquez, thereby jarring, crushing, bruising, and causing injuries to the said Velasquez, from which injuries the said Velasquez died.

Appellant moved to quash the information on the ground that it did not apprize him of what act of negligence he was charged with having committed that caused the death of the deceased.

In overruling the motion to quash, the court did not err. Recently, in Dunn v. State, Tex.Cr.App., 390 S.W.2d 775, an indictment containing similar allegations was held sufficient to charge an offense, as against the contention that it failed to allege the facts constituting negligence. In overruling such contention in the case, it was pointed out that the negligent act was the unlawful act alleged in the indictment.

It was shown by stipulation of the parties and evidence introduced that on the date alleged the appellant, while driving his automobile upon a public street in the city of Corpus Christi, struck and killed the deceased, who was a pedestrian in the street. The place of the collision was shown to be in an urban district of the city.

One witness to the accident estimated the speed of appellant's automobile just before the collision to have been between sixty and seventy miles per hour.

Officer Floyd M. Bieniek, who went to the scene and investigated the accident, testified that appellant's automobile made one hundred twenty-two feet of skid marks which began fifty-five feet from the point of impact. Testifying as an expert, the officer expressed his opinion that appellant's vehicle was traveling between forty-five and fifty miles per hour at the point where

the skid marks began. He further testified, without objection, that in his opinion the speed of appellant's automobile was the direct cause of the accident and that the collision would not have occurred if the vehicle had been traveling thirty miles per hour.

Appellant did not testify or offer any evidence other than joining in a stipulation with reference to the cause of death of the deceased.

We first overrule appellant's contention that the court erred in overruling his motion for an instructed verdict of not guilty and permitting the state to reopen its case after both sides had rested following presentment of the state's evidence in chief.

The record reflects that after appellant moved for an instructed verdict on the ground that the state had failed to prove that the homicide was the result of his negligence, the state was permitted to reopen the case and recall Officer Bieniek to the stand, who testified further with reference to his opinion that the speed of appellant's automobile was the cause of the accident and that it would not have occurred if the vehicle had been traveling thirty miles per hour.

Art. 643, V.A.C.C.P., which was in force at the time the case was tried, authorized the trial court to allow testimony to be introduced at any time before argument in the case, if it appeared to be necessary to the due administration of justice. It has been held that under this statute the matter of permitting a party to reopen his case is one of discretion of the trial court. Bernadett v. State, 166 Tex.Cr.R. 621, 317 S.W.2d 747; Rodriguez v. State, 171 Tex. Cr.R. 476, 350 S.W.2d 854. We find no abuse of discretion.

By bill of exception #2, appellant complains that he was forced to select a jury in the case from a jury list drawn before he had announced ready for trial

and not in compliance with Articles 627 and 628, V.A.C.C.P., which provide that when the parties have announced ready for trial in a case less than capital, the clerk shall write the names of each regular juror for the week on separate slips of paper and, after placing the slips in a box, draw from the box in the presence of the court the names of the jurors and write the names, as drawn, upon two slips of paper and deliver one slip to state's counsel and the other to the defendant or his attorney.

An examination of the record does not support appellant's contention, as the record reflects that after the state and the appellant announced ready for trial—but before the jury panel was examined, the trial court directed the clerk to put all names of the jurors in a box and re-draw them. This was accordingly done. The bill is overruled.

We have examined the jury argument of state's counsel, of which appellant complains, and find that in each instance the careful trial judge sustained appellant's objection thereto and instructed the jury not to consider the same. In no instance did appellant move for a mistrial.

Apparently, appellant was satisfied with the court's ruling and is in no position to complain. Bearden v. State, 169 Tex.Cr.R. 437, 334 S.W.2d 447; Baker v. State, Tex. Cr.App., 368 S.W.2d 627.

We do not agree that the argument, including the statement: "I ask that you look at the face of the mustachioed killer," was so obviously prejudicial that its effect upon the jury could not be cured by the court's instruction. Nor is appellant in position to complain of counsel's reference to him as a member of the Negro race, in the absence of an objection being made at the trial.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.

Opinion approved by the court.