**Glen Ray DOVE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 39450.**

Court of Criminal Appeals of Texas.

April 20, 1966.

Rehearing Denied June 1, 1966.

Robert D. Batjer, Jr., Nelson Quinn, Abilene, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is burglary with a prior conviction for burglary alleged for enhancement; the punishment, 12 years.

The witness Dugan testified that he was employed by the Mac Andrews Appliance Store, that at the close of business on October 22, 1964, he locked up the store and that on the following morning when he came to work, the officers were there investigating a burglary.

Robert Andrews testified that he opened his son's place of business on the morning of October 23, 1964, and discovered that the door to the safe had been forced open, that a vent in the air conditioner in the ceiling had been broken in, that the back door, though closed, was not latched and that a stereo, several radios and some money were missing.

Mac Andrews testified that the serial number on a stereo and a transistor radio which were returned to him by the police corresponded exactly with those on the invoices in the files of his business.

Parole Officer Spiller testified that appellant had been paroled under his supervision in July 1964, and that on November 4, appellant appeared at his office to make his monthly parole report. During this interview he ascertained that appellant had made misrepresentations about his employment and was unable to explain satisfactorily the sum of money which was in his possession, at which time the parole officer reprimanded appellant for leaving the county without permission.

Parole Officer Linn testified that he was present while appellant was being interviewed by Spiller, and he went out to the street to check the license number of ap-

pellant's auto and found a Betty Moore seated therein and that on the front seat a portable radio was in open view. He accompanied Betty Moore back into the building, and subsequently he and Officer Spiller took appellant and Betty to an apartment where they found a stereo and other transistor radios which were later identified by Mac Andrews as having come from his store. At the time such evidence was offered, appellant's counsel said to the court, "We have stated that we will not object to the search. * * *" A further examination of the automobile revealed a paper sack containing quarters, a pair of tin snips, a coal chisel, several large screw drivers and a four pound sledge hammer.

Sgt. Emerson and Lt. Strickland also testified that they accompanied the other officers to the apartment where appellant said he lived. They further testified that appellant opened the door for them when the apartment was searched, that they also found evidence in the form of letters and women's clothes that Betty Moore lived in and shared that apartment with appellant, and that at 2:30 that afternoon appellant was booked for investigation of a parole violation.

The prior conviction was established by proof and by stipulation.

Appellant did not testify in his own behalf, but called his mother who testified that on the night in question she had gone to an apartment where appellant resided with Betty Moore and that the two of them accompanied her to her rural home where they spent the night.

We shall discuss the contentions advanced by counsel by brief and in their argument.

■ It is appellant's primary contention that the unexplained possession of recently stolen property as shown by the record is insufficient to support this conviction for the burglary in question. Reliance is had upon the holding of this Court in Prather v. State, 128 Tex.Cr.R. 342, 81 S.W.2d 528,

where this Court said that the presence of stolen property in a house occupied by Ike Prather, Sibyl Norton and Ike's brother, Clifford and his wife, was not sufficient standing alone to sustain the conviction. The Court there held that appellant's brother, who was shown to have been an occupant of the house, was equally as capable of having committed the theft. In the case at bar we have no other occupant of the apartment save Betty Moore, who the jury might reasonably have concluded was physically incapable of kicking in the bottom of the air conditioner, dropping from the ceiling to the floor and then forcing entry to a safe by use of a four pound sledge hammer, a chisel and a punch.

In our recent opinion in McKnight v. State, Tex.Cr.App., 399 S.W.2d 552, also relied upon by appellant, the witness Firestone had an equal opportunity with the accused of stealing the motor in question, and an equal opportunity of storing it where it was found; in addition, Firestone, after fleeing the state, had written the accused letters in which he threatened to implicate him in the theft of the motor if his demands were not met.

It is clear to us that each case cited above can easily be distinguished on the facts from the case at bar, and that they are not controlling. The State relies upon the holdings of this Court in Adame v. State, Tex.Cr.App., 372 S.W.2d 545; Bernadett v. State, 166 Tex.Cr.R. 621, 317 S.W.2d 747, and Todd v. State, 170 Tex.Cr.R. 552, 342 S.W.2d 575, which we deem to be more nearly in point and to control the disposition of appellant's contention in this regard.

■ Appellant next contends that the court erred in declining to declare a mistrial when one of the officers described the items found in the automobile, the title to which appellant's mother testified was in appellant's name, as "several large tools which would appear to be burglary tools." The trial court promptly sustained appellant's objection as to the conclusion of the

officer and twice instructed the jury not to consider the same for any purpose. It is next contended that the court erred in failing to grant a mistrial when one of the officers testified "I was talking to him with reference to some previous burglaries." Again the court promptly sustained the objection and twice instructed the jury not to consider the answer. It should be noted that appellant was on parole from a conviction for a previous burglary.

 It is next claimed that the court erred in permitting the prosecutor to ask appellant's mother if she had not made statements to others, including the judge who tried this case, that she did not know where appellant was on the night of October 22, 1964. Each time the question was propounded, the witness qualified her answer describing her mental processes; the court permitted the question to be asked until she gave an unequivocal denial, and then instructed the prosecutor to discontinue the interrogation. Washburn v. State, 164 Tex. Cr.R. 448, 299 S.W.2d 706, relied upon by appellant does not call for a reversal of this conviction based upon the contention set forth above.

It is next urged that the court erred in failing to grant a mistrial when one of the officers in recounting his conversation with appellant about his parole violations stated "and then he admitted. * * *" The record does not reflect what appellant admitted, and all of the officers testified that he was not under arrest at the time the conversation took place. The prudent trial court sustained appellant's objection to the answer and instructed the jury not to consider the answer for any purpose.

We construe the prosecutor's argument as nothing more than a plea for strict law enforcement which we have held proper in Henderson v. State, 163 Tex.Cr.R. 573, 295 S.W.2d 215, and Owens v. State, 168 Tex.Cr.R. 88, 323 S.W.2d 260. By no stretch of the imagination could our holding in Cox v. State, 157 Tex.Cr.R. 134, 247 S.

W.2d 262, upon which appellant relies, be held applicable to the argument before us here.

Finding the evidence sufficient to sustain the conviction and no reversible error appearing, the judgment is affirmed.