**Demorris EDMONDS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 39769.**

Court of Criminal Appeals of Texas.

Oct. 19, 1966.

Rehearing Denied Nov. 16, 1966.

Wiley L. Caffey, Abilene, for appellant.

Richard M. Price, Dist. Atty., Abilene, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

DICE, Commissioner.

The offense is burglary; the punishment, ten years.

The indictment charged the burglary of a house occupied and controlled by Betty Jean Lemmons.

The state's testimony shows that Mrs. Lemmons, the prosecuting witness, and her eighteen-year-old daughter, Ruby Jean, lived in a house on North 6th Street in the city of Abilene. Both the mother and daughter worked and were not home during the day. On the day in question, Mrs. Lemmons was the last to leave the house, leaving around 8:10 a. m. At such time all doors to the house were locked. Shortly after 4 p. m. the daughter returned home

from work. When she got out of the car in front of the house she saw appellant going out the back gate. He was carrying a radio which appeared to be hers and she proceeded to follow him down an alley and observed him put the radio in a toilet. After disposing of the radio, appellant turned around, stared at her, and walked away. Ruby Jean then went to the house and observed that both the back door and the kitchen door had been "prized." A lock on the back door had been broken off. She went inside the house and found that her radio and her mother's television set were missing. Thereupon, she called the police, and when a city detective arrived upon the scene the two went down the alley to where the missing radio and television were found in the toilet.

It was shown by the testimony of the prosecuting witness and her daughter that neither of them gave the appellant or anyone else permission to break and enter the house and take the radio and television.

Appellant did not testify.

The issue of appellant's guilt was submitted to the jury upon a charge on the law of circumstantial evidence.

We first overrule appellant's contention that the evidence is insufficient to sustain the conviction.

The witness Ruby Jean Lemmons positively identified appellant at the trial as the person leaving the premises with the radio shown to have been stolen from the house.

 The witness's positive identification of appellant was not destroyed by the fact that she testified she really did not know him and had seen him before but did not remember where because she had not paid any attention to him at the time. Nor was her testimony identifying appellant insufficient because it was not corroborated.

■ The proof of appellant's unexplained possession of the property recently stolen from the house, together with proof that the house had been burglarized by someone, was sufficient to support the conviction. 4 Branch's P.C.2d, Sec. 2537; Bernadett v. State, 166 Tex.Cr.R. 621, 317 S.W.2d 747; Adame v. State, Tex.Cr.App., 372 S.W.2d 545.

■ We also overrule appellant's ground of error #1, which is that the court should have granted a mistrial, even though not requested, because the prosecuting witness sobbed and cried while testifying as a witness in the case. No authority has been cited by appellant in support of his contention. While the record does show that the eighteen-year-old witness did cry on several occasions while being cross-examined by appellant's counsel, we do not agree that the court should have stopped the proceedings and granted a mistrial.

Finding no reversible error, the judgment is affirmed.

Opinion approved by the court.