IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 




NO. 3-91-320-CR




ABEL MONTALVO,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 



FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT



NO. 104,259, HONORABLE JON N. WISSER, JUDGE PRESIDING


 




 This appeal is taken from a conviction for "possession of a controlled substance,
namely: Cocaine" less than twenty-eight grams. Appellant waived trial by jury and entered a plea
of guilty before the trial court. Appellant's punishment was assessed at six years' imprisonment
and a fine of one thousand dollars. The imposition of the sentence was suspended and appellant
was placed on probation subject to certain conditions.

 Appellant advances three points of error as follows: 

 1. "Judge Wisser abused his discretion when he granted the State's motion to re-open evidence and reversed himself on appellant's motion to suppress."

 2. "Judge Wisser lacked jurisdiction to permit the State to re-open evidence and
reverse himself on the motion to suppress when the time for State to file an appeal had expired."

 3. "Judge Wisser erred when he denied appellant's motion to suppress."

 The points of error, inter alia, present questions, apparently of first impression,
as to the extent to which a trial court may reconsider its pretrial suppression order and whether
the State's remedy, after the granting of a pretrial motion to suppress evidence, is restricted to its
interlocutory appeal from such pretrial order.

 On April 1, 1991, after an evidentiary hearing, the trial court granted appellant's
pretrial motion to suppress evidence of the cocaine found in the ashtray of appellant's 1985
Chevrolet Camaro automobile following a traffic stop. Deputy Sheriff Frank Rodriguez testified
that appellant was slow to stop despite the activated overhead lights on his patrol vehicle; and that
during this time, appellant made three furtive gestures or movements inside the car. Appellant
reached under the car seat and then made movements toward the passenger side of the car and to
the center of the automobile. Rodriguez related that he was concerned about the safety of himself
and his fellow officer and that he searched the driver's compartment for weapons. In his search
for weapons, Rodriguez opened the ashtray and found the cocaine in question. The officer
testified that a .22 caliber weapon, a short single-shot derringer, or other weapon would fit in the
ashtray. The trial court expressed the wish that someone would have "brought the actual ashtray
in here." The trial court thought the search of an ashtray for weapons was "strange" and granted
the motion to suppress the evidence.

 On April 5, 1991, the State filed a "Motion to Re-Open Evidence." (1) Attached to
the motion were photographs of a .22 caliber mini-revolver fitting easily inside the ashtray recess
in the console of a 1985 Chevrolet Camaro once the metal ashtray had been removed. Affidavits
of a police officer and an Austin Capitol Chevrolet Company parts employee were also attached. 
These affidavits were to the effect that such a weapon as displayed in the photographs could fit
inside the ashtray recess, which contained a cover or lid. The motion noted that the question was
whether Deputy Rodriguez had a reasonable belief that a weapon might be hidden inside the
ashtray.

 The appellate record contains a court order dated July 24, 1991, which states in
pertinent part:



On the 1st day of May 1991, came on to be heard the State's Motion to Re-Open
evidence in this cause. Having considered the motion, affidavits, and argument of
counsel the court granted leave to re-open. On the 23rd day of July, 1991, having
reconsidered the evidence submitted, the affidavits affixed to the State's Motion to
Re-Open, the Court finds that its initial ruling that the evidence in this case be
suppressed is in error and the Court hereby rescinds that order.


THEREFORE IT IS ORDERED that the Defendant Abel Montalvo's Motion to
Suppress is denied in all respects.



 We shall jointly discuss appellant's first two points of error. Appellant urges that
once Judge Wisser had granted the motion to suppress evidence, "the State's proper remedy . .
. was an appeal to a higher court." See Tex. Code Crim. Proc. Ann. art. 44.01 (West Supp.
1992). Article 44.01 permits interlocutory appeals by the State under limited circumstances and
certain conditions. The State's only right of appeal is confined to narrowly defined situations. 
The State's right to appeal is not encouraged by the statutory enactment.

 Article 44.01(a)(5) provides:



(a) The state is entitled to appeal an order of a court in a criminal case if the
order:


(5) grants a motion to suppress evidence, a confession, or an admission of
jeopardy has not attached in the case and if the prosecuting attorney certifies to the
trial court that the appeal is not taken for the purpose of delay and that the
evidence, confession, or admission is of substantial importance to the case.



 Thus, the State has a right to appeal an interlocutory order granting a motion to
suppress evidence. See State v. Kaiser, 822 S.W.2d 697, 700 (Tex. App.--Fort Worth 1991, pet.
ref'd); State v. Monroe, 813 S.W.2d 701, 702 (Tex. App.--Houston [1st Dist.] 1991, pet. ref'd). 
To invoke the right of appeal under subsection (a) of the statute, the prosecuting attorney must
give notice of appeal within fifteen days "after the date on which the order . . . to be appealed is
entered by the court." Tex. Code Crim. Proc. Ann. art. 44.01(d); State v. Rosenbaum, 818
S.W.2d 398, 402-03 (Tex. Crim. App. 1991) (statutory period of fifteen days runs from date that
the trial court indicated order would be entered). Appellant appears to argue that article 44.01
provides the exclusive remedy for the State when the trial court has granted a motion to suppress,
and that when the State did not give notice of appeal within fifteen days after the granting of the
motion to suppress evidence on April 1, 1991, it lost its only recourse. On April 5, 1991, the
State filed in the trial court a motion to re-open the evidence on the suppression hearing, which
motion was granted on May 1, 1991. On July 23, 1991, the trial court rescinded its earlier ruling
and denied appellant's motion to suppress evidence. Appellant contends that the court lacked
jurisdiction to permit the State to reopen the evidence and to later reverse itself on the earlier
ruling since an appeal was the exclusive remedy for the State. Although appellant makes this
assertion, he does not cite authorities or advance argument in support of the proposition. See Tex.
R. App. P. 74(f). We have studied article 44.01 and its legislative history, see State v. Moreno,
807 S.W.2d 327 (Tex. Crim. App. 1991), and we find no legislative intent that the statute provide
an exclusive remedy to the State when the trial court has granted a motion to suppress evidence. 
As one leading treatise has stated:


In some jurisdictions, the law permits the prosecution to take an interlocutory
appeal from a ruling granting the defendant's pretrial motion to suppress. But
there are "differences between appellate review and reappraisal of a pretrial ruling
at trial," and thus it cannot be said that the availability of interlocutory appeal
eliminates any possible argument in favor of reappraisal at trial on behalf of the
prosecution. By appeal the prosecutor could overturn an erroneous pretrial ruling
especially a misapplication of the law, but only reconsideration at trial would
permit consideration of new facts. (Citations omitted).



4 Wayne R. LaFave, Search and Seizure, A Treatise on the Fourth Amendment § 11.2(f) at 260
(2nd ed. 1987).

 In the instant case, the State acted within four days of the initial ruling to seek
reconsideration of new facts bearing on the issue in question and substantially affecting the
credibility of the evidence adduced at the original pretrial hearing. The State never sought to
appeal the first ruling on the motion to suppress. We reject appellant's claim that article
44.01(a)(5) accorded the State an exclusive remedy and that the trial court lacked "jurisdiction"
to permit the State to reopen the evidence on the suppression issue. Cf. United States v. Scott,
524 F.2d 465, 467 (5th Cir. 1975) (rejecting claim that 180 U.S.C.A. § 3731 granting
government the right to appeal a suppression order was an exclusive remedy); Moreno, 807
S.W.2d at 329 (legislature, in enacting article 44.01, intended to extend to State appellate powers
akin to those the United States Congress had extended to the federal government in a criminal
case).

 Shifting his position, appellant also argues that if the trial court had the necessary
discretion, it abused that discretion when it granted the State's motion to reopen the evidence and
then reversed itself by rescinding the earlier order.

 We observe that appellant made no objection to the trial court's actions. Generally,
error must be preserved at trial with a timely and specific objection. See Tex. R. App. P. 52(a);
Turner v. State, 805 S.W.2d 423, 431 (Tex. Crim. App. 1991); Sterling v. State, 800 S.W.2d
513, 521 (Tex. Crim. App. 1990). Moreover, appellant has failed to bring forward any statement
of facts concerning the hearings on May 1 and July 23, 1991. The burden is on appellant to see
that a sufficient record is presented to show error requiring reversal. Tex. R. App. P. 50(d). 
Appellant's failure to present a statement of facts showing the rulings of the trial court to which
he assigns error presents nothing for review. See Smith v. State, 789 S.W.2d 350, 357 (Tex.
App.--Amarillo 1990, pet. ref'd). Therefore, any error is waived. Guilder v. State, 794 S.W.2d
765, 766-67 (Tex. App.--Dallas 1990, no pet.); see also Hall v. State, 829 S.W.2d 407, 410-11
(Tex. App.--Waco 1992, no pet.).

 Even if it could be validly argued that error was preserved for review, and in light
of the jurisdictional claim asserted, we shall further consider the contention. Both parties cite and
rely on Tex. Code Crim. Proc. Ann. art. 36.02 (West 1981), which provides: "The court shall
allow testimony to be introduced at any time before the argument of a cause is concluded, if it
appears that it is necessary to a due administration of justice."

 The decision to reopen a case is left to the sound discretion of the trial court. Cain
v. State, 666 S.W.2d 109, 111 (Tex. Crim. App. 1984). Thus, a review of a trial court's decision
to reopen a case is under an abuse of discretion standard. Rogers v. State, 774 S.W.2d 247, 263
(Tex. Crim. App.), cert. denied, 493 U.S. 984 (1989) (2); Holifield v. State, 599 S.W.2d 836, 837
(Tex. Crim. App. 1980); see also McGowen v. State, No. 69,855 (Tex. Crim. App., Dec. 2,
1992) (not yet reported).

 Appellant relies on article 36.02 and contends that the argument on the pretrial
motion to suppress had concluded and that the trial court abused its discretion in allowing the State
to untimely reopen the evidence. Appellant would apparently substitute "before the argument of
a motion to suppress is concluded" for the statutory language of "before the argument of a case
is concluded." Appellant argues that caselaw requires "that if the evidence is reopened after
argument is concluded, the case will be reversed." He cites Williams v. State, 32 S.W. 893 (Tex.
Crim. App. 1895), and Lockette v. State, 55 S.W. 336 (Tex. Crim. App. 1900), which were
decided under a forerunner of article 36.02 long before the advent of a pretrial motion to suppress
evidence practice in Texas. See Tex. Code Crim. Proc. Ann. art. 28.01(1)(6) (West 1989). We
find appellant's argument to be without merit. Article 36.02 is closed at one end by its own terms
and inferences therefrom. Testimony is not allowed after argument of the cause has been
concluded. We interpret article 36.02 to be broad enough to permit the trial court within its
discretion to reopen a suppression hearing in a post-indictment retrial situation as presented by
the instant case if it appears necessary to the due administration of justice.

 A motion to suppress is nothing more than a specialized objection. Galitz v. State,
617 S.W.2d 949, 952, n.10 (Tex. Crim. App. 1981); Mayfield v. State, 800 S.W.2d 932, 935
(Tex. App.--San Antonio 1990, no pet.). Article 28.01, which allows the trial court to set any
criminal cause for a pretrial hearing, is not a mandatory statute, but one directed to the trial
court's discretion. Calloway v. State, 743 S.W.2d 645, 649 (Tex. Crim. App. 1988). The
question of whether to hold a hearing on a pretrial motion to suppress evidence rests within the
discretion of the trial court. It may elect to determine the merits of a suppression motion only
during the trial on its merits when the defendant has lodged a proper objection. Id. Some trial
courts, after pretrial evidentiary hearing on a motion to suppress, will "carry" the motion along
with the trial on the merits before ruling. The applicability of article 36.02 should not rest upon
the method utilized.

 Other jurisdictions have held that the trial court has the discretionary power to
reconsider rulings on suppression hearings, even in the absence of a statute such as article 36.02. 
Scott, 524 F.2d at 467 (trial court is free to reconsider suppression order); State v. Harney, 573
So.2d 111, 113 (Fla. App. 2nd Dist. 1991) (trial court has inherent power to reconsider ruling
made on motion to suppress, upon appropriate motion by either counsel, while that court has
jurisdiction of the cause); State v. Mixon, 537 So.2d 326, 327 (La. App. 1st Dist. 1988), writ
denied, 546 So.2d 1210 (La. 1989) (whether to permit second suppression hearing or to reopen
suppression hearing is within the discretion of the trial court); State v. Montague, 756 P.2d 1083,
1084 (Ida. 1988) (trial court did not abuse its discretion in entertaining State's request for
reconsideration of suppression ruling); State v. Pope, 224 N.W.2d 521, 526 (Neb. 1974) (trial
court has option, not obligation, to reconsider any prior ruling on the legality of police searches);
State v. Adams, 521 So.2d 470, 471-72 (La. App. 4th Cir.), writ denied, 523 So.2d 231 (La.
1988) (trial court could reopen suppression hearing to permit the State to elicit further evidence
from a police officer as to circumstances surrounding a warrantless arrest); People v. Hayes, 802
P.2d 377, 399 (Cal. 1990), cert. denied, 112 S.Ct. 420 (1991) (pretrial rulings on admissibility
of evidence generally are not binding on the trial court); People v. Lewis, 659 P.2d 676, 677
(Colo. 1983) (a motion to suppress is interlocutory in character and neither res judicata nor
collateral estoppel applies to a ruling which is less than final); State v. Roccasecca, 328 A.2d 35,
38 (N.J. Super. 1974) (the "law of the case" doctrine operates only as a discretionary rule of
practice, not one of law); Jackson v. State, 515 P.2d 1108, 1114 (Kan. 1973) (to view pretrial
ruling as binding would be to proscribe correction by the trial court of its own error); State v.
Bruno, 595 A.2d 272, 273 (Vt. 1991) (a defendant does not have a vested right in an erroneous
pretrial ruling. A ruling on a pretrial motion is tentative only and subject to revision at trial. If
the rule was otherwise, a trial court could be tied to obvious errors).

 If it can be said that appellant preserved error, he presents neither controlling
precedent nor persuasive policy argument to support his position. The trial court had continuing
jurisdiction over the case and was free to reconsider its own earlier suppression ruling. The trial
court was presented with a State's motion indicating that the evidence had been lawfully obtained,
and the decision to reconsider did not result in a purposeful delay. The trial court did not abuse
its discretion. Appellant's first and second points of error are overruled.

 In his third point of error, appellant contends that the trial court erred when it
denied his motion to suppress evidence. Appellant attempts to rely alone on the statement of facts
at the first evidentiary suppression hearing when the trial court granted the motion to suppress. 
As earlier noted, the statement of facts of the hearing on the State's motion to reopen the evidence
on the suppression hearing and of the second evidentiary suppression hearing are not in the
appellate record. Appellant did not sustain his burden to present a sufficient record showing error
requiring reversal. Tex. R. App. P. 50(d). We are unable to appraise appellant's contention with
only a partial statement of facts. Nothing is presented for review. Smith, 789 S.W.2d at 357. 
Appellant's third point of error is overruled.

 The judgment of conviction is affirmed.





 

 John F. Onion, Jr., Justice

[Before Justices Powers, B. A. Smith and Onion*]

Affirmed

Filed: January 13, 1993

[Publish]


* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1988).
1. Appellant contends that the State's motion was filed on May 4, 1991. The motion was filed
on April 5, 1991, and was granted on May 1, 1991. A duplicate motion was subsequently filed
on May 4, 1991. The reason for this second filing is not clear from this record.
2. In Rogers, the trial court permitted the State to reopen the evidence after both sides had
closed at the "punishment phase" of the trial. After quoting article 36.02, the court stated:



This statute has been construed to mean that a trial judge commits
reversible error when he refuses a request to reopen for the purpose of
producing relevant and admissible evidence, regardless of its weight or the
issue upon which it is offered, so long as the request is timely under the
statute and does not threaten to unduly impede the trial. Vital v. State, 523
S.W.2d 662, 664-665 (Tex. Cr. App. 1975). By this reckoning, had
appellant requested an opportunity to reopen under the circumstances
presented here, he would have been entitled to do so. See, e.g., Cain v.
State, 666 S.W.2d 109 (Tex. Cr. App. 1984); Holifield v. State, 599
S.W.2d 836 (Tex. Cr. App. 1980). We perceive no meaningful difference
in application of the statute to evidence offered by the prosecution. See,
e.g., Holcomb v. State, 523 S.W.2d 661 (Tex. Cr. App. 1975); Boatright
v. State, 472 S.W.2d 765, 770 (1971); Rodriguez v. State, 171 Tex. Crim.
476, 350 S.W.2d 854 (1961).



 Rogers, 774 S.W.2d at 263; see also 23 Tex. Jur. 3d Criminal Law § 2560 (1982).