### Will Walker v. The State.

No. 10543.   Delivered February 2, 1927.

**Theft, a Misdemeanor—Evidence—Held Insufficient.**

Where on the trial for the theft of twenty turkeys, the state's evidence disclosed that four turkeys, two of which were identified as stolen, were brought to the house of appellant's mother in a truck by appellant and

three brothers. There was no evidence that the turkeys were in the possession of appellant, or that they were claimed by him. This evidence was not sufficient to support the conviction, and the judgment is reversed and the cause remanded.

Appeal from the County Court of Lavaca County. Tried below before the Hon. C. L. Stavinoha, Judge.

Appeal from a conviction of theft, a misdemeanor, penalty a fine of $15 and ten days in the county jail.

The opinion states the case.

*Marcus Schwartz* of Hallettsville, for appellant. On possession of recently stolen property, appellant cites: Lemon v. State, 231 S. W. 388; Frazier v. State, 227 S. W. 324; Russell v. State, 218 S. W. 1049; Lehman v. State, 18 Tex. Crim. App. 174; Casas v. State, 12 Tex. Crim. App. 59; Robinson v. State, 22 Tex. Crim. App. 690.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for theft of turkeys under the value of $50, punishment ten days in the county jail and a fine of $15.

There is but one bill of exceptions in the record, which was taken to the refusal of a special charge asking that the jury be told that the state had failed to prove by competent evidence that the turkeys alleged to have been stolen were found in possession of appellant, or that he had ever asserted ownership to said property, and that he should be acquitted. Said instruction will be considered together with the testimony.

The state introduced a witness who testified that twenty-five turkeys were put in a pen on the night of the 9th of December, 1925. The next morning twenty of them had disappeared. Observing truck tracks near the pasture gate some distance from his home, the owner of the turkeys swore out a search warrant to search the home of appellant's mother. The search was made on December 11, and revealed the presence of four turkeys in a coop in the smokehouse of appellant's mother. Two of these turkeys were identified by the owner, first by their having their rear toes on the left foot cut off, and further by the fact that when released on the premises of the owner they went to their usual roosting place on the night that they were brought back. In addition to the testimony of the owner as to the loss, recovery

and identification of the two turkeys mentioned, and the testimony of the sheriff to the execution of the search warrant, and the finding of four turkeys in the coop referred to, the state introduced appellant's mother who testified that she was at home when the sheriff came to her place, and that she told him to go ahead and search. She further testified that four of her sons, one of whom was the appellant in this case, came from Temple to her home in a truck about a week, or at least several days, before the sheriff came. She said the boys had in the truck the turkeys found by the sheriff on the occasion of his search. She further testified that appellant never did claim the turkeys as his; that one of her sons told her they brought said turkeys from Temple, but she did not remember which one. She testified that appellant resided near Temple and had come home on the occasion mentioned to get ready to do some farming in the neighborhood. She said the turkeys in question were kept in a portable coop in the yard, but as they would frequently fight her own turkeys she had to put them in the smokehouse to keep them from fighting. The only testimony that the state had in addition to the above was the introduction of the search warrant. The defense introduced one W. T. Hall, who said he lived not far from the farm of appellant's mother, and that on the 5th of December, 1925, he had occasion to go to her house to unload some corn, and that on said day he noticed four turkeys in a portable coop sitting in the yard; that the coop was marked "Coleman, Texas." He did not examine the turkeys but did remember the date, which was four days before the theft. These are all the facts.

It seems entirely unnecessary to analyze the above facts to show that they fall far short of being enough upon which to predicate a legal conviction of this appellant. The only testimony that brought him anywhere near the turkeys in question was that of his mother, who said that about a week before the sheriff came to her house appellant and three of her other sons came to her house in a truck, having the four turkeys found by the officer. There is no testimony showing any assertion of ownership, or any claim to the right of possession, in said turkeys by this appellant. While possession of recently stolen property has been deemed sufficient to justify a conviction of theft, in order to give said circumstance such weight, it must show that the property was in possession of the alleged thief and was claimed by him. Deeming the evidence entirely insufficient in this case, we further observe that the charge asked was appropriate.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*