KENNETH ENOX v. THE STATE.

No. 18699.   Delivered January 20, 1937.

The opinion states the case.

*R. E. Eubank,* of Paris, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is theft of cattle; the punishment, confinement in the penitentiary for two years.

W. E. Robbins testified that in February, 1936, he owned a red bull, which he had turned out of his pasture and which at the time of its loss was ranging on the Huffman place. On the first of March, 1936, the bull disappeared from its accustomed range. It was later discovered by Mr. Robbins in a pasture about three hundred yards from appellant's house. At this juncture we quote from the testimony of the witness, as follows: "He was not marked or branded when he left my place. At the time I found him he was marked. About an inch and a half or maybe two inches of his horns had been sawed off, and his right ear was cropped and his left ear was split. By a 'crop' I mean cut off pretty close; cropped off real close and short." The witness did not know whether the pasture in which the bull was found belonged to appellant or not. Appellant lived about seven miles from Mr. Robbins. The testimony of the witness was to the further effect that after he recovered the bull, appellant came to his house and asked him about said animal. The witness replied: "That was my bull." Appellant said: "Well, if he is yours he damn sure isn't mine." Appellant then tried to buy the bull, but the witness refused to sell him. In the same conversation appellant requested witness to 'phone the officers and tell them that the bull did not belong to him (witness).

It appears from the testimony that the pasture in which the bull was found did not belong to appellant, but that he and several of his neighbors used it in common for pasturing their

cattle. However, the State's testimony was to the effect that appellant had stated to a witness that he had fenced the pasture for the purpose of retaining his cattle in it. The testimony of the State was to the further effect that appellant had been in possession of another bull which had its right ear cropped. This animal was later shown not to have been the property of appellant; neither was it the property of Mr. Robbins.

Appellant introduced witnesses whose testimony was to the effect that the pasture fence was in bad repair. Again, the testimony of these witnesses showed that the cattle of several people were in the pasture in which Mr. Robbins' bull had been discovered, and that said parties customarily let their cattle range in said pasture. A witness for appellant testified that appellant's mark was two splits in one ear and one in the other.

Appellant did not testify.

We think the State failed to prove beyond a reasonable doubt that the presence of the bull in the pasture in question involved a distant and conscious assertion of property by appellant. See Gillman v. State, 46 S. W. (2d) 699, and Walker v. State, 291 S. W., 228. There were others using said pasture and living near same. There was no disclaimer of guilt by them. We quote from Branch's Ann. P. C., sec. 1877, as follows: "To sustain a conviction it should appear not only that an offense as charged has been committed, but there should also be proof to a degree of certainty greater than a mere probability or strong suspicion tending to establish that the party charged was the person who committed it or was a participant in its commission. There must be legal and competent evidence pertinently identifying the defendant with the transaction constituting the offense charged against him."

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.