Hershel McKNIGHT, Appellant,

v.

The STATE of Texas, Appellee.

No. 39270.

Court of Criminal Appeals of Texas.

March 2, 1966.

Royce E. Ball, Lubbock, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Presiding Judge.

The offense is felony theft; the punishment, two years in the penitentiary.

Bill Riley, the complaining witness, testified that a $950 motor, used for irrigation purposes, was taken without his permission from his farm one night. This motor was found in a building allegedly rented by appellant, and it is this possession of recently stolen property, added to the testimony of an accomplice witness, which the state contends sustains appellant's conviction.

James Firestone testified that he met appellant in the spring of 1962 while the latter was operating a small garage for servicing automobiles. After several discussions, the two agreed to open a larger garage specializing in automatic transmission repair and operating under the name of Mac's Automatic Transmission Service. Firestone, not a mechanic, furnished most of the tools and equipment and leased the building, while appellant provided the "know-how", and the profits were divided equally. On the evening of September 13, 1962, according to Firestone, he and appellant stole three irrigation motors from farms in the surrounding area, including one from the irrigation well of Mr. Riley, and took these motors to Mac's Automatic Transmission Service. The next day the motors were stripped of accessories and then stored in a small building near the transmission shop. This building, according to Firestone, was owned by J. A. Mullins and rented by appellant. The witness stated that he fled to California when he saw officers investigating the theft near their business establishment, but that he had been arrested there and returned to Texas.

Firestone's credibility was impeached by other evidence showing part of his testimony to be untrue, and by his admission that he had been previously convicted of burglaries. It was also shown that while he was in jail after being returned from California he had sent letters to appellant demanding money, and he did not deny that these letters contained threats that appellant would be implicated in the theft if he did not satisfy Firestone's demand.

Appellant testified that the small building in which he had operated his garage was owned by J. A. Mullins, and that after Firestone and appellant opened the larger shop, he no longer rented the small building, but that Firestone made some arrangement with Mullins to use it for storage. While the record is not clear on this point, this is presumably the same small building in which the stolen motors were found.

Appellant further testified that Firestone represented himself to be a farmer and that he financed their business, leased the building, and furnished all the equipment with the exception of appellant's personal tools, and that the pair split the profits equally. His previous business had been called Mac's Garage, and they agreed to leave his name in the firm name because of the good will he had acquired in the automotive repair business. On September 14, after they had been in business only a few months, appellant noticed three motors in the garage, and in response to his inquiry, Firestone explained that two of these came off his farm where he had used them for irrigation, and that he had purchased the other from a neighbor. He said he planned to strip them of their accessories and sell them. Appellant testified that he had little to do with the running of the business, and that after Firestone fled to California, Mrs. Firestone attended to the administrative part of the business and eventually replaced appellant with another man. He stated that Firestone had sent him two letters which stated that if appellant did not get him $1,000, Firestone would implicate appellant in the theft. Appellant turned these letters over to an attorney, who returned them to the jailer. It was shown that appellant had been twice convicted of theft,

and was also convicted of aggravated assault, and that all three convictions occurred between 1958 and 1960.

The jailer verified the fact that appellant's attorney gave him the two letters but stated that he no longer had them and that they were not available for appellant's trial.

Mechanics who worked at the garage verified appellant's contention that Firestone was the actual "boss" of the business, doing all the hiring, firing, paying, and bookkeeping; that appellant was the service manager; and that there was also a shop foreman who participated in the operation of the shop.

Kenneth Copeland testified that he had made arrangements to purchase one of the motors during the week after they were stolen, and that he had made a down payment on it. The witness stated that he did not know that the motor was stolen, and that Firestone told him that the motor came off Firestone's farm. Copeland said he dealt only with Firestone and that appellant was not involved in the transaction in any way.

■ Deputy Sheriff Chester Sprague testified that tracks at the scene of the theft matched the tires of a pickup truck used by the transmission shop. He also testified, over the vigorous and timely objection of appellant, that he was told by an unidentified person that appellant operated a business in the small building in which the stolen property was found. On cross-examination, he stated that at the time the motors were found, the building was unoccupied and unlocked, and that the back door was open; that he had no personal knowledge of who occupied that building; that he did not know the name of his informer and had no reason to believe or disbelieve him; and that he made no further investigation concerning who was in charge of that building.

"Evidence is hearsay when its probative force depends in whole or in part on the competence or credibility of some person other than the person by whom it is sought to be produced." Winn v. Federal Land Bank, Tex.Civ.App., 164 S.W.2d 864, 866, error refused. See also Ex parte Clark, 164 Tex.Cr.R. 385, 299 S.W.2d 128; Lightfoot v. State, 123 Tex.Cr.R. 176, 58 S.W.2d 81.

■ The testimony of Deputy Sprague, concerning appellant's connection with the building in which the motors were found, relied completely on the competence of the stranger who related these facts to the witness, and that person did not testify. Such testimony was inadmissible as hearsay. 1 McCormick and Ray, Texas Law of Evidence, Sec. 781, and cases cited; See also Boyett v. State, Tex.Cr.App., 368 S.W.2d 769.

Absent this hearsay testimony, there is no evidence except the testimony of Firestone connecting appellant to the building, and nothing in the record to indicate that appellant was in possession of the stolen property when it was found.

The state contends that no reversible error is shown by the fact that the objectionable testimony was admitted into evidence because appellant took the stand and admitted that he operated the transmission repair service with Firestone, and that the evidence shows that the motors were housed, at least temporarily, in the garage; that it took more than one person to load the motor into the pickup at the scene of the theft; and that the pickup used in the theft was shown to be under the control of appellant. The state contends that these circumstances corroborate the testimony of Firestone. We do not agree.

■ The evidence viewed in its most incriminatory aspect shows that Firestone, appellant, and the shop foreman all had access to the transmission shop and each participated in the operation of the business. The pickup allegedly used in the theft

apparently belonged to Firestone, but it was used in the day-to-day operations of the business, and appellant had no more than joint control of its use. There is nothing to connect him with its use at the time of the offense. Only Firestone made any assertion of ownership of the stolen property. Only Firestone fled when the investigation focused upon a connection between the transmission shop and the stolen property.

"To warrant an inference or presumption of guilt from the circumstance alone of possession, such possession must be personal, must be recent, must be unexplained, and must involve a distinct and conscious assertion of property by the defendant." 5 Branch's Ann.P.C., Sec. 2650, and cases collected. See also Frazier v. State, 88 Tex.Cr.R. 411, 227 S.W. 324.

Discounting the accomplice witness' testimony, there is no evidence that appellant had any connection with, control of, or possession of either the stolen property when it was found or the building in which it was found. The circumstantial evidence, viewed in the perspective most favorable to the state, shows only that appellant exercised joint control of the premises where the stolen property was temporarily stored, and there is no evidence that appellant asserted any control over the stolen property or that he was ever aware that the motor was stolen. If it was shown that Firestone could not do the job by himself, it was not shown that appellant was the one who helped him. We conclude that the evidence is insufficient to prove that appellant was in possession of recently stolen property. Enox v. State, 131 Tex. Cr.R. 551, 101 S.W.2d 243, 244; Prather v. State, 128 Tex.Cr.R. 342, 81 S.W.2d 528, 529; Duke v. State, 124 Tex.Cr.R. 454, 63 S.W.2d 552; Hamilton v. State, 122 Tex.Cr.R. 424, 55 S.W.2d 820.

Excluding the testimony of Firestone, we find no evidence tending to connect the accused with the commission of the offense, and find that the state has failed to sufficiently corroborate the testimony of the accomplice witness. Dalrymple v. State, Tex.Cr.App., 366 S.W.2d 576; Alexander v. State, 160 Tex.Cr.R. 460, 274 S.W.2d 81.

The judgment is reversed and the cause remanded.