Anthony JESKO, Appellant,

v.

The STATE of Texas, Appellee.

No. 43024.

Court of Criminal Appeals of Texas.

Nov. 4, 1970.

Collard & Elliott by W. Doyle Elliott, Friona, for appellant.

Jack Young, Dist. Atty., Muleshoe, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S MOTION TO REINSTATE

DOUGLAS, Judge.

The conviction is for theft of property over the value of fifty dollars; the punishment, four years, probated.

The order dismissing the appeal is withdrawn.

The evidence shows that on or about the 8th day of November, 1968, a 1958 Ford truck loaded with approximately 21,-000 pounds of milo maize was stolen from Marion Carson. Carson harvested the maize on the 7th day of November, and left the loaded truck in the field. During the night a light snow fell, and the truck was not moved. It was last seen in the field by a neighbor shortly after sunrise on the morning of the 8th. Early the following morning Carson's son went to the field and discovered that the truck was missing.

Carson testified that he went to the field, and because of the damp ground caused by the snowfall, he was able to follow the truck tracks down the road for several miles onto a farm leased by appellant. He testified that he did not see the truck, but he was able to identify the grain found in a barn as the grain stolen from him. He found no one at the farm.

The State's testimony shows that the truck tracks on appellant's farm were covered by other truck or equipment tracks. Some of the witnesses expressed opinions that there had been an attempt to obliterate the truck tracks at appellant's farm.

The stolen truck was found some two or three weeks later on a road in another part of the county.

No one resided at appellant's farm, and he lived some twenty-five or thirty miles away in Clovis, New Mexico.

Several witnesses testified in support of the defense of alibi and accounted for appellant's whereabouts from sunrise on the morning of November 8th until noon on the 9th. Testimony for the defense showed that appellant had one hand in a cast, because of a broken bone, apparently to show that he could not have unloaded the grain in the barn.

The record reflects that appellant and two other men had cattle and horses on the three hundred twenty acre farm where the grain was found.

The case was submitted to the jury on a charge of circumstantial evidence. Appellant contends that the evidence is insufficient. The State relies on the rule that proof of unexplained possession of recently stolen property is sufficient to support the conviction.

■ For a conviction based upon recent unexplained possession of stolen property, there must be a showing that possession was recent, unexplained and personal, evincing a conscious assertion of ownership. Walker v. State, 106 Tex.Cr.R. 80, 291 S.W. 228; Enox v. State, 131 Tex.Cr.R. 551, 101 S.W.2d 243, and McKnight v. State, Tex.Cr.App., 399 S.W.2d 552. See 55 Tex.Jur.2d, Theft, Sec. 214, p. 482, and the cases there cited. The rule where the State relies alone on recent possession of personal property is found in 5 Branch's Ann.P.C.2d, Sec. 2650:

"To warrant an inference or presumption of guilt from the circumstance alone of possession, such possession must be personal, must be recent, must be unexplained, and must involve a distinct and conscious assertion of property by the defendant."

The reason the recently stolen grain was in the barn on land leased by appellant was not explained by him or by anyone.

Considering all of the evidence in the light most favorable to the State, the proof does not show that appellant claimed or asserted any right to the stolen grain.

The State contends that appellant asserted ownership over the grain when he refused to sign a written release. The record shows that the appellant told the sheriff that the grain did not belong to him. The sheriff asked appellant if Carson could remove the grain, and appellant did not readily agree. The sheriff asked appellant to sign a release of the grain. Appellant then stated he wanted to talk to a lawyer first. The form of release that appellant was asked to sign could not be found by the sheriff during the trial and does not appear in the record.

It cannot be said that this precaution on the part of appellant, after he had said the grain was not his, was a claim of ownership or right to the property.

Assuming that the proof is sufficient to show that the tracks on the farm were made by the stolen truck and that the bulk grain was sufficiently identified as that stolen, there is insufficient evidence to exclude every other reasonable hypothesis except that of appellant's guilt.

The judgment is reversed and the cause is remanded.