COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| JESUS J. MORALES, | § | No. 08-06-00068-CR |
| Appellant, | § | Appeal from the |
| v. | § | 171st Judicial District Court |
| | § | |
| THE STATE OF TEXAS, | § | of El Paso County, Texas |
| | § | |
| Appellee. | § | (TC# 20050D02069) |
| | § | |

## **O P I N I O N**

The State indicted eleven members of the Morales family: Jesus J. Morales, Magdalena Morales, Baudelio Morales, Jesus Morales, Erick Morales, Leonor Morales, Sylvia Morales, Lorena Morales, Leonor Morales, Lorena Morales, and Oscar Miramontes of one count of theft over $100,000 (aggregated) and one count of engaging in organized crime. All eleven were tried together. After the State rested, the trial judge entered a directed verdict for all the defendants on the engaging in organized crime charge, and a directed verdict for the theft charge for all the defendants except Jesus J. Morales and Magdalena Morales.

Appellant and his sister Magdalena Morales were found guilty of theft by the jury. He was sentenced to 8 years' confinement. Magdalena Morales was sentenced to 5 years' confinement suspended for 5 years' community supervision. Appellant raises thirteen issues on appeal. We affirm.

Officer David Hernandez of the El Paso Police Department was assigned to a tactical unit in October of 2004 that was investigating burglaries of habitations and businesses, thefts of

construction equipment, and all-terrain vehicles (ATVs).  About a year earlier, the police  had received a tip implicating the Morales' and tactical units began surveilling homes at 222 Pasodale and 114 Gaspar.

On October 5, 2004, Officer Hernandez, driving by114 Gaspar, noticed two trailers loaded with heavy machinery equipment, and on a second drive-by saw a cement mixer, ladders, and an ATV.  He called in for additional surveillance units.  He was joined by Officer Jesus Hernandez and Officer Minjarez.  Officer David Hernandez saw Mr. Jesus J. Morales securing and moving some property on a trailer with an unknown Hispanic male.  The two men got into a Dodge Durango that was hitched to one of the trailers.  The Durango drove off with a trailer loaded with ladders, gym equipment, cement mixer, and other items.  Two police units followed the Durango to 222 Pasodale, where the pickup and trailer briefly parked in the yard.  When the pickup and trailer left the Pasodale house surveillance was taken over by Sergeant De Avila in an unmarked car.

Officer Hernandez testified that he waited at 222 Pasodale.  He saw Mr. Morales arrive with his wife.  Then the officers saw a van arrive and the van driver talking to Mr. Morales. Mr. Morales and the driver then hitched what the officers thought to be a generator to the van. Officer Hernandez alerted other units that the van was leaving the premises with heavy equipment.  Officer Hernandez followed.  When the van failed to signal a turn, a marked police car was alerted to stop the van for the traffic offense.  Sergeant Briones stopped the van on Loop 375. The "generator" was actually a welder.  He obtained identifiers from the welder to see if it had been reported stolen.  The driver of the van, Mr. Carmona, was arrested for possession of stolen property.

Sergeant Briones was then instructed to go to the 9000 block of Alameda, where he stopped Mr. Jesus Morales and his father. Sergeant Briones told them that Mr. Morales was being detained for investigation of a theft.

As he was placing Mr. Jesus Morales in the back of his car, he was approached by Magdalena Morales and Leonor Morales, Mr. Morales' sisters. The sisters asked about the stop, and Sergeant Briones explained to them why the stop occurred. The sisters asked about how their father was doing. Sergeant Briones then learned from Magdalena that she resides at 114 Gaspar. Magdalena told him that she was the owner and in control of the residence, and lived there with her father and mother. Sergeant Briones then asked for consent to search for possible stolen items at her residence, which she gave but only as to the outside of her house. She also stated that there was no stolen property there, and that whatever was outside was bought by her brother at swap meets for which she had receipts. Sergeant Briones filled out a consent to search form, which was witnessed by her sister and Officer Hernandez. Magdalena, Lorena, and their father drove to 114 Gaspar in their own car while the officers went in their cars. After arriving at the address, Sergeant Briones met with the other officers there, and advised them of the consent to search the outside of the property. Sergeant Briones asked Magdalena for the receipts she had mentioned, so they could take a look at them. The officers began searching the exterior, and found some stolen property at which point they paused the search, to acquire a search warrant for the entire property. A search warrant was obtained, and the inside and outside of the residence on Gaspar were searched. A search warrant was also executed at the Pasodale residence, and property was collected from inside and outside the house at this location as well.

In Issues One and Two, Appellant contends the evidence is legally and factually

insufficient to establish beyond a reasonable doubt that the items were appropriated without the effective consent of the owners. In Issues Three and Four, Appellant contends that the evidence is legally and factually insufficient to establish beyond a reasonable doubt that the value of the stolen items was in the range of $100,000 to $200,000.

In assessing the legal sufficiency of the evidence to support a criminal conviction under *Jackson v. Virginia*, we consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational juror could have found the essential elements of the crime beyond a reasonable doubt. *Rollerson v. State*, 227 S.W.3d 718, 724 (Tex.Crim.App. 2007), *citing Jackson v. Virginia*, 443 U.S. 307, 318-19, 99 S.Ct. 2781, 2788-89, 61 L.Ed.2d 560 (1979) and *Hooper v. State*, 214 S.W.3d 9, 13 (Tex.Crim.App. 2007). Evidence that rationally supports a verdict of guilt beyond a reasonable doubt, under the *Jackson v. Virginia* legal sufficiency standard, can still be factually insufficient. *Rollerson*, 227 S.W.3d at 724. Evidence is factually insufficient if the conviction is clearly wrong and manifestly unjust or the finding of guilt is against the great weight and preponderance of the evidence. *Johnson v. State*, 23 S.W.3d 1, 11 (Tex.Crim.App. 2000). Both legal and factual sufficiency standards require the reviewing court to consider all of the evidence. *Rollerson*, 227 S.W.3d at 724. A legal sufficiency review requires the court to give deference to the jury's credibility and weight determinations while a factual sufficiency review allows the court to substitute its judgment for the jury's on these questions, albeit to a very limited degree. *Rollerson*, 227 S.W.3d at 724, *citing Marshall v. State*, 210 S.W.3d 618, 625 (Tex.Crim.App. 2006). The question we must consider under a factual sufficiency review is whether under a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of

guilt is so obviously weak as to undermine confidence in the fact finder's determination, or the proof of guilt, although adequate if taken alone is greatly outweighed by contrary proof. *Johnson*, 23 S.W.3d at 11.

A person commits the offense of theft if he unlawfully appropriates property with intent to deprive the owner of property. TEX.PENAL CODE ANN. § 31.03(a)(Vernon Supp. 2008). Unlawful appropriation of property occurs when:

 (1) it is without the owner's effective consent;

 (2) the property is stolen and the actor appropriates the property knowing it was stolen by another; or

 (3) property in the custody of any law enforcement agency was explicitly represented by any law enforcement agent to the actor as being stolen and the actor appropriates the property believing it was stolen by another.

TEX.PENAL CODE ANN. § 31.03(b).

Theft is a second degree state felony if the value of the property stolen is $100,000 or more but less than $200,000. TEX.PENAL CODE ANN. § 31.03(e)(6).

Appellant argues that the State only presented evidence that he was a titleholder of 222 Pasodale, El Paso, TX where some of the stolen property was located, that he was seen pulling a loaded trailer from 114 Gaspar to his home upon which other stolen items were located, and that he was seen attaching a welder, later determined to be stolen, to a vehicle. Mr. Morales contends the evidence showed that several others were living at the residence, making possession of the premises joint, and thus legally insufficient to prove control over the stolen property and convict under the statute. Appellant points us to *Robinson v. State*, which held that where stolen property is found on premises to which several persons have access, joint control over the premises with

-5-

others will not warrant an inference of guilt. *Id*., 728 S.W.2d 858, 862 (Tex.App.--Austin 1987, no writ). In such situations, the test is whether appellant asserts ownership over the stolen property. *Id*.

The State argues that they presented evidence that Appellant exercised control over the property, and the jury could convict based on that evidence. The State presented evidence that Mr. Morales was observed personally moving some of the property when he took a trailer loaded with items from the residence at 114 Gaspar to his home at 222 Pasodale, and when he attached the welder to Mr. Carmona's van. There was also evidence presented that Magdalena Morales told the officers that Appellant had purchased all the items on her property, 114 Gaspar, at swap meets, which implies that the property was his or at least under his control. Appellant argues that the heavy machinery was never specified or identified other than as "some property," and was not identified as stolen, and that a lot of property was returned to the Morales family because it was not stolen property. Appellant admits that there was evidence that he exercised control of a Lincoln Welder, but a Lincoln Welder was returned to the Morales Family. Property was returned to the Morales family, however, Officer Hernandez testified that confiscated property is returned to where it was taken from if it cannot be verified as stolen, no one claims the property as stolen, or a person is unable to identify his property by some identifier on the item.

The State also argues that the evidence presented was sufficient to support that Appellant knew the property was stolen and points us to the holding in *Chavez v. State* that evidence of the defendant's recent, unexplained possession of stolen property is a sufficient circumstance, in and of itself, to support a conviction for theft. *Chavez v. State*, 843 S.W.2d 586, 588 (Tex.Crim.App. 1992). Appellant argues that the evidence presented fails to meet the requirements to allow for

-6-

an inference of guilt from possession alone. The possession must be personal, recent, unexplained, and must involve a distinct and conscious assertion of property by defendant. *McKnight v. State*, 399 S.W.2d 552, 555 (Tex.Crim.App. 1996). The State argues that Appellant's possession of the items was recent. Appellant was in possession of items that require title documentation that had been stolen within thirteen months of the date they were found at the Morales' residences. Five motorcycles and an all-terrain vehicle all of which had been reported stolen between October of 2003 and December 2003 were found at the Morales' residences in October of 2004 without title documentation. Whether possession was recent is made case by case based on the facts and the ease of transferability. *See Naranjo v. State*, 217 S.W.3d 560, 571 (Tex.App.--San Antonio 2006, no pet.). The shorter the period of time between the taking of the property and defendant's possession of the property, the stronger the inference that the defendant knew the property was stolen. *Id*. The court in *Naranjo* found that a trailer, which requires title documentation, stolen thirteen months prior to being found in the defendant's possession was sufficiently recent to invoke the unexplained possession rule. *See id*. If the defendant explains possession of the property, the record must demonstrate the explanation is false or unreasonable. *Adams v. State*, 552 S.W.2d 812, 815 (Tex.Crim.App. 1977). Whether the defendant's explanation is false or unreasonable is an issue to be decided by the trier of fact, and the falsity of the explanation may be shown by circumstantial evidence. *Id*. The defendant's explanation must be made when he is first called upon directly or circumstantially to do so. *Hardesty v. State*, 656 S.W.2d 73, 77 (Tex.Crim.App. 1983). Mr. Morales gave no explanation for his possession of the stolen items though his sister, Magdalena, did tell the officers that he had purchased them at swap meets. The police officers gave Magdalena an opportunity to show

the receipts she said she had for the property, but she was unable to produce them, then or any time since. The jury could have reasonably found the explanation to be false or unreasonable. *See Naranjo*, 217 S.W.3d at 571.

Knowledge that property was stolen can be shown by circumstantial evidence. *Chudleigh v. State*, 540 S.W.2d 314, 317 (Tex.Crim.App. 1976). Circumstantial evidence offered during the trial included testimony that some of the items had been altered to prevent property from being identified. The alteration was effected by painting items a different color, removing decals, and painting over identification numbers, which was even done to a welder that had been reported stolen earlier that day. Additionally, the presence of multiple stolen items and the sheer amount of stolen items on the properties allows the jury to infer that Appellant knew the items were stolen along with the fact that Appellant had no documentation of ownership for any of the items. *See e.g., Wallace v. State*, 822 S.W.2d 290, 293 (Tex.App.--Houston [1st Dist.] 1991, pet. ref'd)(defendant in possession of multiple stolen items without title documentation or receipt); *Robinson*, 728 S.W.2d at 863 (defendant in possession of other stolen goods at the time stolen items alleged in indictment found in his possession). The State also put on evidence through the complaining witnesses that identified the property found in the Morales' possession as the complaining witnesses' property, and the Moraleses did not have their consent to be in possession of the property.

Viewing all of the evidence in a light most favorable to the verdict, we find that a rational jury could have found the essential elements of the crime as alleged beyond a reasonable doubt. After a neutral review of all the evidence we do not find the verdict to be so against the great weight and preponderance of the evidence or manifestly wrong and unjust. Appellant's Issues

One and Two are overruled.

In Issues Three and Four, Appellant challenges the sufficiency of evidence in law and fact as to the value of the stolen property. However, Appellant fails to cite to any legal authority supporting his position, and as such, the issues are improperly briefed and present nothing for appellate review. TEX.R.APP.P. 38.1(h). This requirement applies to sufficiency complaints. *McDuff v. State*, 939 S.W.2d 607, 613 (Tex.Crim.App. 1997). Issues Three and Four are overruled.

In Issues Five through Nine, Appellant contends the trial court erred in its handling of a question from the jury regarding the nine defendants who received a directed verdict. In Issue Five, Appellant argues the court committed egregious error by failing to instruct the jury that the nine other defendants had been acquitted and thus could not be considered as principals or parties to the remaining defendants. In Issue Six, Appellant argues the trial court deprived him of his rights to due process by failing to inform the jury that the other defendants had been acquitted. In Issue Seven, Appellant argues the trial court erred in not instructing the jury that the nine other defendants had in fact been acquitted. In Issue Eight, Appellant argues the court erred in failing to answer the jury's question as to whether the other defendants had engaged in a plea bargain. In Issue Nine, Appellant argues that the trial court erred in instructing the jury to only consider the evidence introduced at trial in answer to the jury's question.

The Code of Criminal Procedure regulates communications between the court and jurors during deliberations. *See* TEX.CODE CRIM.PROC.ANN. art. 36.27 (Vernon 2006). Once the jury is deliberating, the trial court can give additional jury instructions in writing with the defendant and his counsel present, to the extent possible, in order to make objections. *Id.* If the request

from a jury for additional instructions is not proper, the court should refer the jury to the court's charge. *See Gamblin v. State*, 476 S.W.2d 18, 20 (Tex.Crim.App. 1972). Review of a trial court's response to a jury note is reviewed in the same manner as regular charge practices. *See* TEX.R.CIV.P. 286; W. Wendell Hall, *Standards of Review in Texas*, 38 ST. MARY'S L.J. 47, 202 (2006). Appellate review of error in a jury charge involves a two-step process. *Abdnor v. State*, 871 S.W.2d 726, 731-32 (Tex.Crim.App. 1994), *citing Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App. 1984). First, we determine if there is any error in the charge. If we find error to be present, we must then evaluate whether sufficient harm resulted to require reversal. *Id*. at 731-32. If there has been an objection made at trial, we will search only for some harm, but when the error is urged for the first time on appeal, the appellant must show egregious harm. *Id*. at 732

> During jury deliberations, the jury sent out a note which stated:
>
> [T]he jury members would like to know if there was a plea bargain as to the dismissal of the rest of the defendants.

The trial court responded, over Appellants' objections, that "[y]ou are only to consider the evidence admitted in this case." Appellant opposed the answer arguing that the jurors misunderstood the trial court's comments on the granting of directed verdicts as to the other nine codefendants, the trial court should inform the jury that none of the codefendants received a plea bargain, and they could not be considered principals or parties. The State argued that such instructions would be an improper comment on the weight of the evidence.

It is generally impermissible to show that another jointly or separately indicted for the same offense has been convicted or acquitted during trial. *Walker v. State*, 530 S.W.2d 572, 573

(Tex.Crim.App. 1975); *Torres v. State*, 92 S.W.3d 911, 918 (Tex.App.--Houston [14th Dist.] 2002, pet. ref'd). The Texas Penal Code provides that in a prosecution in which the defendant's criminal responsibility is based on the law of parties, it is no defense: "that the person for whose conduct the actor is criminally responsible has been acquitted, has not been prosecuted or convicted, has been convicted of a different offense or of a different type or class of offense, or is immune from prosecution." TEX.PENAL CODE ANN. § 7.03(2). The jury charge included an instruction on the law of parties. The requested instruction that the acquitted codefendants could not be considered principals or parties would have been an incorrect statement of the law. *See Ex parte Thompson*, 179 S.W.3d 549, 553-54 (Tex.Crim.App. 2005). A trial court does not err in refusing to submit a requested charge or instruction that is not in accordance with the law or constitutes an incorrect statement of the law. *See Traylor v. State*, 43 S.W.3d 725, 730-31 (Tex.App.--Beaumont 2001, no pet.). A trial court's response to a jury note referring them to the court's charge is not error. *See Sanchez v. State*, 243 S.W.3d 57, 67 (Tex.App.--Houston [1st Dist.] 2007, pet. ref'd); *Ash v. State*, 930 S.W.2d 192, 195-96 (Tex.App.--Dallas 1996, no pet.). In this case, the trial court responded by telling the jury to consider only the evidence admitted at trial. The dispositions of the codefendants' cases were not in evidence, and the dispositions are not generally admissible or relevant. *See Beasley v. State*, 838 S.W.2d 695, 703 (Tex.App.-- Dallas 1992, pet. ref'd), *cert. denied*, 510 U.S. 969, 114 S.Ct. 451, 126 L.Ed.2d 384 (1993). We find there was no error in the trial court's response to the jury note, and no error in failing to instruct the jury as to the dispositions of the codefendants. Issues Five through Nine are overruled.

During jury deliberations, the original trial judge was not present. However, the original

-11-

trial judge would provide responses to the jury's questions, and the presiding, visiting judge would rule on any objections the attorneys made to the response to the jury. The jury submitted a question as to whether there was a plea bargain for the defendants who were no longer a part of the trial. The answer provided by the judge was "[y]ou are only to consider the evidence admitted in this case." The jury let the court know through the bailiff that they had reached a conclusion on one cause, but were deadlocked 10-2 on the other, and would like to recess for the day, and consider it anew in the morning when they would more likely have a fresh outlook. The instruction provided by the original trial judge was "[y]ou must continue to deliberate with a view of reaching a unanimous verdict in both cases."

In Issue Ten, Appellant argues that the procedure used by the trial court, where Judge Rangel composed the answers to the juries' questions and Judge Alcala ruled on the objections to the proposed answer since Judge Rangel was not present in the court, was error. However, there is no objection made to the trial court about this procedure in the record. This issue has not been preserved for appellate review. TEX.R.APP.P. 33.1(a)(1). Issue Ten is overruled.

In Issue Eleven, Appellant contends that the court's failure to read the court's answer to the question from the jury in open court was in violation of Article 36.27 of the Texas Code of Criminal Procedure. Again, there was no objection on this ground at trial, so Appellant has failed to preserve the issue for review. TEX.R.APP.P. 33.1(a)(1). Issue Eleven is overruled.

In Issues Twelve and Thirteen, Appellant argues that he was denied his right to effective assistance of counsel under the United States and Texas Constitution due to counsel's failure to: (1) request a jury instruction that the nine acquitted codefendants could not be considered principals or parties to the theft offense; (2) object to the charge for omitting such instruction; (3)

object to the prosecutor's argument suggesting that some of the acquitted codefendants could have stolen the property and that Appellant was a party to the theft; (4) request a supplemental instruction that the acquitted codefendants were not principals or parties in response to the jury's question about whether the codefendants had received plea bargains; (5) object to the violation of Article 36.27 in responding to the jury's question; and (6) object to the two-judge procedure where Judge Rangel proposed the answers to the jury question and Judge Alcala ruled on the objections made to the answers.

In reviewing claims of ineffective assistance, we use the two-step analysis adopted by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under the first prong, the defendant must show that counsel's performance was deficient to the extent that counsel failed to function as the "counsel" guaranteed by the Sixth Amendment. *Jackson v. State*, 877 S.W.2d 768, 771 (Tex.Crim.App. 1994). Under the second prong, the defendant must establish that counsel's deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064; *Jackson*, 877 S.W.2d at 771. Prejudice is established by a showing that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068; *Jackson*, 877 S.W.2d at 771. Failure to make the required showing of deficient performance defeats the ineffectiveness claim. *Jackson*, 877 S.W.2d at 771. Claims of ineffective assistance must be proved by a preponderance of the evidence. *Bone v. State*, 77 S.W.3d 828, 835 (Tex.Crim.App. 2002). The *Strickland* test is used to resolve cases under both the federal and state constitutions. *Hernandez v. State*, 726 S.W.2d 53, 56-7 (Tex.Crim.App. 1986).

In our review, we must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable, professional assistance, and the appellant must overcome the presumption that the challenged conduct can be considered sound trial strategy. *Jackson*, 877 S.W.2d at 771. If the record is silent as to the facts, circumstances, and rationale behind an attorney's particular course of action, we are compelled to find that the defendant did not rebut the presumption that it was a reasonable one. *See Thompson v. State*, 9 S.W.3d 808, 814 (Tex.Crim.App. 1999).

The State argues that Appellant has failed to rebut the presumption because he did not file a motion for new trial asserting his claims of ineffective assistance of counsel, and as such, trial counsel has not been given an opportunity to explain his actions or strategic decisions. We agree. Allegations of ineffectiveness must be firmly founded in the record. *Mallet v. State*, 65 S.W.3d 59, 62-3 (Tex.Crim.App. 2001). The record is silent as to why Appellant's trial counsel took or failed to take the actions he did. Trial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective. *Bone*, 77 S.W.3d 836. Based on the record, we cannot conclude that Appellant has rebutted the presumption that counsel's decisions were based on sound trial strategy. Additionally, without proof of unprofessional conduct, we cannot determine whether Appellant was prejudiced by the representation. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064. Appellant has failed to meet the requirements of *Strickland*. Issues Twelve and Thirteen are overruled.

Having overruled all of Appellant's issues, we affirm the judgment of the trial court.

January 30, 2009

                          DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Carr, JJ.
Carr, J., Not Participating

(Do Not Publish)