COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| RAMON RAMOS, | § | No. 08-08-00247-CR |
| Appellant, | § | Appeal from the |
| v. | § | 109th Judicial District Court |
| | § | |
| THE STATE OF TEXAS, | § | of Andrews County, Texas |
| | § | |
| Appellee. | § | (TC# 5132) |
| | § | |

**O P I N I O N**

Appellant Ramon Ramos appeals his conviction for burglary of a habitation. A jury found him guilty, sentenced him to 10 years' imprisonment, and fined him $10,000. He raises two issues on appeal challenging the sufficiency of the evidence and claiming he was prejudiced by the admission of extraneous offense evidence. Affirmed.

At trial, Sue Ann Cornejo testified that on the day of the burglary, she arrived home around 4 p.m. and found the front of her trailer unlocked. One of the bedroom windows was broken out, and the trailer had been ransacked. She also testified that a small green jewelry pouch was missing that included, among other items, a gold "puzzle ring." No one had permission to enter her home outside her immediate family. Ms. Cornejo's neighbor, Aloysius Novogradac, testified that around 9 p.m. that same day, Appellant came to his home and tried to sell him several pieces of jewelry, including a gold puzzle ring. He later identified the ring which was the same ring stolen from Ms. Cornejo. Mr. Novogradac called the police and reported the event. Brittni Sanders, one of Appellant's acquaintances, also testified that

Appellant tried to sell her the same pieces of jewelry.

Officers Jerry Aranda and Eddie Bishop were dispatched to Mr. Novogradac's home. As he was being questioned by Officer Aranda, Mr. Novogradac noticed Appellant sitting in a parked car next door. After approaching Appellant for questioning and patting him down, Officer Aranda discovered a crack pipe and some of the jewelry that Appellant tried to sell to Mr. Novogradac, including Ms. Cornejo's gold puzzle ring, on Appellant's person. Officer Aranda arrested Appellant for possession of drug paraphernalia and transported him to the Andrews County Jail. Appellant was later indicted for burglarizing Ms. Cornejo's home.

In Issue One, Appellant asserts that there was no evidence to support his burglary of a habitation conviction. The argument challenges the legal sufficiency of the evidence. A legal sufficiency review does not involve any weighing of favorable and non-favorable evidence. *Cardenas v. State*, 30 S.W.3d 384, 389 (Tex.Crim.App. 2000). Rather, we consider all of the evidence in a light most favorable to the verdict, and determine whether a reasonable minded juror could have found the essential elements of the offense were proven beyond a reasonable doubt. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex.Crim.App. 2007). We give deference to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence in its entirety, and to develop reasonable inferences from the evidence supporting the conclusion. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed. 560 (1979). The jury, as the fact finder, has the right to accept or reject all or any part of the evidence presented by either side. *Margraves v. State*, 34 S.W.3d 912, 919 (Tex.Crim.App. 2000). Evidentiary inconsistencies are resolved in favor of the verdict. *Curry v. State*, 30 S.W.3d 394, 406 (Tex.Crim.App. 2000).

The Appellant concedes that a burglary did occur, but argues that the only evidence linking him to the crime was that he tried to sell certain items of evidence that were taken during the burglary. He also argues that there is no proof he committed the essential elements of the burglary of a habitation offense.

A person commits a burglary of a habitation offense if, without the effective consent of the owner, he or she enters a habitation and either commits or attempts to commit a theft. TEX.PENAL CODE ANN. § 30.02(a)(3)(Vernon 2003). A person commits the offense of theft if he unlawfully appropriates property with the intent to deprive the owner of the property. TEX.PENAL CODE ANN. § 31.03(a)(Vernon Supp. 2009). Unlawful appropriation of property occurs when: (1) it is without the owner's effective consent; or (2) the property is stolen and the actor appropriates the property knowing it is stolen by another. TEX.PENAL CODE ANN. § 31.03(b).

When there is independent evidence of a burglary, the unexplained personal possession of recently stolen property will support an inference of guilt of the offense in which the property was stolen. *See Jimenez v. State*, 750 S.W.2d 798, 802 (Tex.App.--El Paso1988, pet. ref'd). Simple possession of stolen property does not create a presumption of guilt, rather, it can support an inference of guilt tied to the offense in which the property was stolen. *Hardesty v. State*, 656 S.W.2d 73, 76 (Tex.Crim.App. 1983). In order to establish the inference of guilt based solely on possession of the stolen property, the possession must be personal, recent, unexplained, and must involve a conscious assertion of right to the stolen property by the defendant. *McKnight v. State*, 399 S.W.2d 552, 555 (Tex.Crim.App. 1966). The shorter the period of time between the taking of the property and defendant's possession of the property, the stronger the inference that the

defendant knew the property was stolen. *Naranjo v. State*, 217 S.W.3d 560, 571 (Tex.App.--San Antonio 2006, no pet.). If the defendant offers an explanation for his possession of the stolen property, the record must indicate the account is untrue or unreasonable. *Adams v. State*, 552 S.W.2d 812, 815 (Tex.Crim.App. 1977). "Whether a defendant's explanation for possession of recently stolen property is true or reasonable is a question of fact to be resolved by the trier of fact." *Dixon v. State*, 43 S.W.3d 548, 552 (Tex.App.--Texarkana 2001, no pet.). This inference of guilt is not conclusive on its own, however, and the sufficiency of the evidence must still be examined according to the applicable evidentiary standards of appellate review. *Hardesty*, 656 S.W.2d at 77.

Appellant contends that there is no proof of the essential elements that tie him to the burglary aside from the evidence that he tried to sell the victim's jewelry, including the gold puzzle ring. However, the record reflects that each element required to warrant an *inference* of guilt is present. *See McKnight*, 399 S.W.2d at 555. Officer Aranda's testimony indicated he found the stolen jewelry on Appellant's person when Appellant was first arrested. Appellant tried to sell the jewelry just hours after they were stolen from Cornejo's mobile home. This created an inference, due to the short period of time between the taking of the property and Appellant's possession of the property, that the property was knowingly stolen. *See Naranjo*, 217 S.W.3d at 571. By attempting to sell the items, Appellant consciously asserted a right to the stolen property. *See McKnight*, 399 S.W.2d at 555.

Further, Appellant contested the evidence that he was the individual who committed the offense by claiming that his cousin gave him the jewelry to cover debts owed to Appellant. However, Officer Aranda testified that Appellant, while being transported to the third floor of the

-4-

jail, stated that he knew where other stolen items were and that he would tell the officers who committed the burglary in exchange for releasing him from custody. By its guilty veridict, we can infer that the jury did not believe Appellant's explanation as to how he came into possession of the stolen property. *See Dixon*, 43 S.W.3d at 552. Instead, under a legal sufficiency review, we must defer to the jury's resolution of conflicting testimony and decision to regard Officer Aranda's testimony as more credible. *See Curry*, 30 S.W.3d at 406. Considering the evidence in a light most favorable to the verdict, we conclude that a reasonable minded juror could convict Appellant of the offense of burglary of a habitation based on his possession of the stolen jewelry, notably the gold puzzle ring. Appellant's possession was personal, recent, and his explanation as to how he came into possession of the jewelry was discredited by the jury. Therefore, the evidence was legally sufficient to support the conviction beyond a reasonable doubt, and Issue One is overruled.

In Issue Two, Appellant contends that evidence of other items stolen from the victim's home aside from the puzzle ring were improperly admitted and prejudicial as extraneous offense evidence. Appellant argues that at trial, he objected to the admission of evidence of items taken from the victim's home aside from the puzzle ring. The record clearly indicates the State's decision to pursue only the admission of the gold puzzle ring to support their case. Appellant further contends that because the State nonetheless introduced items other than the gold puzzle ring taken from Ms. Cornejo's home, and because the judge admitted this evidence, its admission was improper.

To be preserved for appellate review, the Texas Rules of Appellate Procedure require a timely objection to evidence offered for admission. *See* TEX.R.APP.P. 38.1(a), *see also Schultze*

*v. State*, 177 S.W.3d 26, 41 (Tex.App.--Houston [1st Dist.] 2005, pet. ref'd)(challenge on appeal must comport with the objection made at trial).  The only objection Appellant made during trial with respect to the other stolen items was based on a chain of title theory.  Appellant's contention that the admitted extraneous offense evidence had a prejudicial effect at trial is raised for the first time on appeal.  Accordingly, these arguments were not preserved for appellate review.  *See Schultze*, 177 S.W.3d at 41.  Issue Two is overruled.

Having overruled both of Appellant's issues, we affirm the judgment of the trial court.


July 28, 2010
                                               DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)