COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS





RAMON RAMOS,

                            Appellant,

v.


THE STATE OF TEXAS,

                            Appellee.

§
 
§
 
§
 
§
 
§
 
 § 


No. 08-08-00247-CR

Appeal from the

109th Judicial District Court

of Andrews County, Texas 

(TC# 5132) 





O P I N I O N 

            Appellant Ramon Ramos appeals his conviction for burglary of a habitation. A jury
found him guilty, sentenced him to 10 years’ imprisonment, and fined him $10,000. He raises
two issues on appeal challenging the sufficiency of the evidence and claiming he was prejudiced
by the admission of extraneous offense evidence. Affirmed.
            At trial, Sue Ann Cornejo testified that on the day of the burglary, she arrived home
around 4 p.m. and found the front of her trailer unlocked. One of the bedroom windows was
broken out, and the trailer had been ransacked. She also testified that a small green jewelry
pouch was missing that included, among other items, a gold “puzzle ring.” No one had
permission to enter her home outside her immediate family. Ms. Cornejo’s neighbor, Aloysius
Novogradac, testified that around 9 p.m. that same day, Appellant came to his home and tried to
sell him several pieces of jewelry, including a gold puzzle ring. He later identified the ring
which was the same ring stolen from Ms. Cornejo. Mr. Novogradac called the police and
reported the event. Brittni Sanders, one of Appellant’s acquaintances, also testified that
Appellant tried to sell her the same pieces of jewelry.
            Officers Jerry Aranda and Eddie Bishop were dispatched to Mr. Novogradac’s home. As
he was being questioned by Officer Aranda, Mr. Novogradac noticed Appellant sitting in a
parked car next door. After approaching Appellant for questioning and patting him down,
Officer Aranda discovered a crack pipe and some of the jewelry that Appellant tried to sell to
Mr. Novogradac, including Ms. Cornejo’s gold puzzle ring, on Appellant’s person. Officer
Aranda arrested Appellant for possession of drug paraphernalia and transported him to the
Andrews County Jail. Appellant was later indicted for burglarizing Ms. Cornejo’s home.
            In Issue One, Appellant asserts that there was no evidence to support his burglary of a
habitation conviction. The argument challenges the legal sufficiency of the evidence. A legal
sufficiency review does not involve any weighing of favorable and non-favorable evidence. 
Cardenas v. State, 30 S.W.3d 384, 389 (Tex.Crim.App. 2000). Rather, we consider all of the
evidence in a light most favorable to the verdict, and determine whether a reasonable minded
juror could have found the essential elements of the offense were proven beyond a reasonable
doubt. Hooper v. State, 214 S.W.3d 9, 13 (Tex.Crim.App. 2007). We give deference to the
responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence in its
entirety, and to develop reasonable inferences from the evidence supporting the conclusion. 
Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed. 560 (1979). The jury, as
the fact finder, has the right to accept or reject all or any part of the evidence presented by either
side. Margraves v. State, 34 S.W.3d 912, 919 (Tex.Crim.App. 2000). Evidentiary
inconsistencies are resolved in favor of the verdict. Curry v. State, 30 S.W.3d 394, 406
(Tex.Crim.App. 2000).
            The Appellant concedes that a burglary did occur, but argues that the only evidence
linking him to the crime was that he tried to sell certain items of evidence that were taken during
the burglary. He also argues that there is no proof he committed the essential elements of the
burglary of a habitation offense.
            A person commits a burglary of a habitation offense if, without the effective consent of
the owner, he or she enters a habitation and either commits or attempts to commit a theft. 
Tex.Penal Code Ann. § 30.02(a)(3)(Vernon 2003). A person commits the offense of theft if he
unlawfully appropriates property with the intent to deprive the owner of the property. 
Tex.Penal Code Ann. § 31.03(a)(Vernon Supp. 2009). Unlawful appropriation of property
occurs when: (1) it is without the owner’s effective consent; or (2) the property is stolen and the
actor appropriates the property knowing it is stolen by another. Tex.Penal Code Ann.
§ 31.03(b).
            When there is independent evidence of a burglary, the unexplained personal possession of
recently stolen property will support an inference of guilt of the offense in which the property
was stolen. See Jimenez v. State, 750 S.W.2d 798, 802 (Tex.App.--El Paso1988, pet. ref’d). 
Simple possession of stolen property does not create a presumption of guilt, rather, it can support
an inference of guilt tied to the offense in which the property was stolen. Hardesty v. State, 656
S.W.2d 73, 76 (Tex.Crim.App. 1983). In order to establish the inference of guilt based solely on
possession of the stolen property, the possession must be personal, recent, unexplained, and must
involve a conscious assertion of right to the stolen property by the defendant. McKnight v. State,
399 S.W.2d 552, 555 (Tex.Crim.App. 1966). The shorter the period of time between the taking
of the property and defendant’s possession of the property, the stronger the inference that the
defendant knew the property was stolen. Naranjo v. State, 217 S.W.3d 560, 571 (Tex.App.--San
Antonio 2006, no pet.). If the defendant offers an explanation for his possession of the stolen
property, the record must indicate the account is untrue or unreasonable. Adams v. State, 552
S.W.2d 812, 815 (Tex.Crim.App. 1977). “Whether a defendant’s explanation for possession of
recently stolen property is true or reasonable is a question of fact to be resolved by the trier of
fact.” Dixon v. State, 43 S.W.3d 548, 552 (Tex.App.--Texarkana 2001, no pet.). This inference
of guilt is not conclusive on its own, however, and the sufficiency of the evidence must still be
examined according to the applicable evidentiary standards of appellate review. Hardesty, 656
S.W.2d at 77.
            Appellant contends that there is no proof of the essential elements that tie him to the
burglary aside from the evidence that he tried to sell the victim’s jewelry, including the gold
puzzle ring. However, the record reflects that each element required to warrant an inference of
guilt is present. See McKnight, 399 S.W.2d at 555. Officer Aranda’s testimony indicated he
found the stolen jewelry on Appellant’s person when Appellant was first arrested. Appellant
tried to sell the jewelry just hours after they were stolen from Cornejo’s mobile home. This
created an inference, due to the short period of time between the taking of the property and
Appellant’s possession of the property, that the property was knowingly stolen. See Naranjo,
217 S.W.3d at 571. By attempting to sell the items, Appellant consciously asserted a right to the
stolen property. See McKnight, 399 S.W.2d at 555.
            Further, Appellant contested the evidence that he was the individual who committed the
offense by claiming that his cousin gave him the jewelry to cover debts owed to Appellant. 
However, Officer Aranda testified that Appellant, while being transported to the third floor of the
jail, stated that he knew where other stolen items were and that he would tell the officers who
committed the burglary in exchange for releasing him from custody. By its guilty veridict, we
can infer that the jury did not believe Appellant’s explanation as to how he came into possession
of the stolen property. See Dixon, 43 S.W.3d at 552. Instead, under a legal sufficiency review,
we must defer to the jury’s resolution of conflicting testimony and decision to regard Officer
Aranda’s testimony as more credible. See Curry, 30 S.W.3d at 406. Considering the evidence in
a light most favorable to the verdict, we conclude that a reasonable minded juror could convict
Appellant of the offense of burglary of a habitation based on his possession of the stolen jewelry,
notably the gold puzzle ring. Appellant’s possession was personal, recent, and his explanation as
to how he came into possession of the jewelry was discredited by the jury. Therefore, the
evidence was legally sufficient to support the conviction beyond a reasonable doubt, and Issue
One is overruled.
            In Issue Two, Appellant contends that evidence of other items stolen from the victim’s
home aside from the puzzle ring were improperly admitted and prejudicial as extraneous offense
evidence. Appellant argues that at trial, he objected to the admission of evidence of items taken
from the victim’s home aside from the puzzle ring. The record clearly indicates the State’s
decision to pursue only the admission of the gold puzzle ring to support their case. Appellant
further contends that because the State nonetheless introduced items other than the gold puzzle
ring taken from Ms. Cornejo’s home, and because the judge admitted this evidence, its admission
was improper.
            To be preserved for appellate review, the Texas Rules of Appellate Procedure require a
timely objection to evidence offered for admission. See Tex.R.App.P. 38.1(a), see also Schultze
v. State, 177 S.W.3d 26, 41 (Tex.App.--Houston [1st Dist.] 2005, pet. ref’d)(challenge on appeal
must comport with the objection made at trial). The only objection Appellant made during trial
with respect to the other stolen items was based on a chain of title theory. Appellant’s contention
that the admitted extraneous offense evidence had a prejudicial effect at trial is raised for the first
time on appeal. Accordingly, these arguments were not preserved for appellate review. See
Schultze, 177 S.W.3d at 41. Issue Two is overruled.
            Having overruled both of Appellant’s issues, we affirm the judgment of the trial court.


July 28, 2010
DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)